## BRIGGS v. BRUCE.

Leave to amend a pleading is of no effect unless complied with. Judgment cannot be rendered for items not set forth in the pleadings.

*Appeal from County Court of Weld County.*

THIS was a proceeding to enforce a mechanic's lien upon certain premises situate near the town of Erie, in Weld county. The plaintiff, John Bruce, in his complaint alleges that he entered into a contract with the defendant, Henry Briggs, on or about the 1st day of December, 1881, to do certain work by the day, and as a mechanic, upon a building owned by the defendant, for the sum of $75; that he began the work about December 1, and finished about December 20, 1881; and that there remains unpaid and due on said contract the sum of $64.25. The complaint also alleges that plaintiff made and filed a claim for a lien against the premises as provided by law. The prayer is for a lien against the property for the said sum of $64.25, for interest thereon from December 20, 1881, and for costs, including the sum of $4.20, the expense of making and recording the lien claim; also that execution issue against the premises. The defendant's answer admits the contract as stated, and that, in addition to the $75, the plaintiff performed other work of the value of $1, making $76 in the aggregate. Defendant denies that there remains due and owing plaintiff the sum of $64.25, but avers that the balance then remaining due and unpaid was the sum of $26 only; specifically averring payment of all indebtedness exceeding that sum before suit brought. In his third defense he alleges payment to the plaintiff of the sum of $50 on account of said work before the commencement of the action, leaving the sum of $26, and no more, due to plaintiff. No replication was filed to this answer, and upon the close of the plaintiff's testi-

mony the defendant moved that the action be dismissed, save as to the sum of $26, for failure of the plaintiff to reply to the second and third defenses set up in the answer. The court overruled the motion, and permitted the plaintiff to amend his complaint so as to conform to his proof. The defendant then introduced his testimony, and the court, upon consideration of the case, found that defendant was indebted to the plaintiff in the sum of $41.70, and rendered judgment for said sum, and costs of suit; ordering that the judgment be made a lien against said property. Upon the trial the plaintiff claimed that he had performed extra work upon the building, the same consisting of fourteen days' labor, at the sum of $3.50 per day, and admitted payment by the defendant of the sum of $50.

Mr. W. B. MILLS, for appellant.

Messrs. NORTH and STIDGER, for appellees.

BECK, C. J. The first error assigned is the refusal of the court to dismiss the action as to all claims, except the sum of $26, on account of the failure of the plaintiff to reply to the second and third defenses. The effect of plaintiff's failure to reply to the answer was to admit as true the averment of the payment by the defendant of the sum of $50 on account of the indebtedness mentioned in the complaint. Sections 75 and 76, Civil Code; Bliss, Code Pl. § 396. Upon the pleadings as they stood at the time the motion to dismiss was interposed, there was due the plaintiff the sum of $26, together with interest thereon from December 20, 1881. The motion should have been allowed and judgment entered for the said sum, together with interest and costs, including the sum paid for making and recording the lien claim.

The payment of the $50 was admitted by the plaintiff in his testimony. The error of the court, therefore, was in allowing any part of the claim for services not sued

for, viz., the claim for extra work. That a portion of that claim was allowed is evident from the amount of the judgment. No such claim was mentioned in the original complaint, and the amendment allowed at the trial either did not embrace the same or the amendment was not made, as no claim for extra work appears in the transcript of the complaint before us. Leave to amend a pleading is of no effect unless the order is complied with. Haynes, New Trials, p. 169, § 57; *Kimball v. Gearhart*, 12 Cal. 46.

The amendment which was permitted to be made is set out in the transcript at folio 24 and is as follows: "The court ordered that plaintiff have leave to amend said complaint by interlining in the original complaint an averment that there was a cause of action on specific contract for work on a building for the sum of $75." Following this order the record states: "And the defendant then and there stipulated that he would waive all exceptions to the form of the two counts in the complaint as amended." Leaving out of view the question whether an amendment granted upon the trial, embracing a claim for extra work, would introduce a new cause of action, the record fails to show that any such amendment was either prayed for or ordered to be made. The complaint makes no mention of extra work and contains no charge for any work other than that contracted to be performed for the sum of $75. If the plaintiff's theory be that the $50 paid by the defendant was in settlement of the extra labor, he is estopped from setting up such application of the payment by his failure to file a replication to defendant's answer.

As the judgment proper exceeds the amount due on the contract, allowing interest as claimed, it is hereby reversed and the cause remanded, with directions to the court below to enter judgment in conformity with the views expressed in this opinion. Judgment reversed, with costs.                                        *Reversed.*