(41 Misc. Rep. 512.)

MINTZER et al. v. SUPREME COUNCIL A. L. H.

(Supreme Court, Special Term, Kings County.   October, 1903.)

1. ACCORD AND SATISFACTION—WHAT CONSTITUTES.
    Where a creditor has received nothing beyond the amount admitted to be due him by the debtor, it does not constitute an accord and satisfaction available to the debtor in a suit for an alleged balance.

Action by Marcus M. Mintzer and Eva Schenkein against the Supreme Council American Legion of Honor to recover a balance due on a benefit certificate, the complaint alleging that defendant had

---

¶ 1. See Accord and Satisfaction, vol. 1, Cent. Dig. §§ 60, 61.

only part paid of the amount due, that the certificate had been delivered to the defendant under the mistaken belief that the amount paid was all that was due, and the complaint asked the redelivery of the certificate and assessment of damages for breach of contract. Demurrer to complaint overruled.

Maurice Nagler (Laurence G. Goodhart, of counsel), for plaintiffs.
Henry A. Powell, for defendant.

MAREAN, J. The question in this case is not whether relief from the effectual extinguishment of the debt under a mistake of law can be afforded, but whether the acts done have effectually extinguished the debt. There are five ways in which a debt may be extinguished: First, by actual payment in full; second, by acceptance of something agreed upon in satisfaction, known as "accord and satisfaction"; third, by release under seal; fourth, by voluntary destruction of the written evidence of the debt; and, fifth, by a delivery of such written evidence to the debtor with intent to forgive him the debt, operating as an executed gift. There has been no payment in full, no release under seal, no voluntary destruction of the written evidence, and it must be conceded that the certificate was surrendered to the defendant with no purpose to consummate a gift. The whole question is whether there has been an accord and satisfaction. If this case cannot be distinguished in principle from Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, then the plaintiffs must fail. Of course, practically, there was but one claim. Two suits could not have been maintained—one for the $2,000, and a second for the remaining $3,000; but logically, and for all the purposes of any dispute of liability, there were two distinct claims, one admitted and the other disputed, each depending on its own peculiar facts. The defendant had itself cut the obligation in two. The two claims were as distinct in the contemplation of both parties as though there had been two certificates—one for $2,000, on which liability for that sum was admitted, and the other for $3,000, which the defendant had undertaken to repudiate. Accord and satisfaction involve the receipt of something in satisfaction; and not a penny and not a thing was received beyond what was required to satisfy the admitted claim. In the case cited, which was an action for commissions at 5 per cent. on a $30,000 sale, the defendant denied any agreement to pay 5 per cent., and claimed that he was to pay only what he thought was right. The whole claim depended on the same facts, and every fibre and atom of it was unliquidated and in dispute, and, had the defendant refused to pay anything, the plaintiff might have recovered less than the $300 he had received. Therefore there was in the payment of the $300 something yielded by the defendant beyond what he was certainly liable for, which furnishes the necessary something to work a satisfaction of the rest. In the case at bar that element is entirely wanting, and in my opinion the claim for the $3,000 not paid has never been extinguished. The demurrer is overruled.

Demurrer overruled.