GEORGE BEIDECK, APPELLEE, v. ACME AMUSEMENT COM-
PANY, APPELLANT.

FILED JANUARY 21, 1918.   No. 20249.

1. **Master and Servant: EMPLOYERS' LIABILITY ACT: TRIAL: HARMLESS
ERROR.** Where defendant, in a tort action for damages for per-
manent injuries, pleaded in the answer that the liability, if any,
is determinable under the employers' liability act (Rev. St. 1913,
secs. 3551-3696), there was no prejudicial error as against defend-
ant in discharging the jury and in retaining the case for trial before
the presiding judge, though the testimony had been partially ad-
duced.

2. ————: ————: **TAXATION OF COSTS.** In an action in tort for dam-
ages for personal injuries, where defendant answers that his sole
liability is under the employers' liability act, and plaintiff takes
issue upon that allegation, such costs as were occasioned by the
trial of the tort action should be taxed against the plaintiff.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed as modified.*

*O. B. Clark,* for appellant.

*Boehmer & Boehmer,* contra.

DEAN, J.

George Beideck began an action on November 14, 1916,
against the Acme Amusement Company and the Or-
pheum Building Company to recover $25,000 damages
for permanent personal injuries sustained by him on
August 7, 1916, while in the employ of defendants as
a janitor and also as a helper in decorating the walls
and ceilings in the Orpheum theater building. The
suit was dismissed as to the Orpheum Building Com-
pany.

Plaintiff alleges generally that in the course of his
employment and without fault on his part he sustained
the permanent injuries complained of upon his head
and other parts of his body, and that the injuries were
due to defendant's gross negligence and carelessness in

the erection of a certain hoist. At the time of the injury he was 46 years of age, and he alleges that immediately prior thereto he was physically sound and able to perform the work that is usual to a laboring man, and that he was then earning $65 a month, but that his injuries rendered him incapable of performing any labor or of earning any money.

The Acme Amusement Company answered, and among other averments as a defense alleged: "That pursuant to the said act (employers' liability act) under which this defendant and the plaintiff were operating, this defendant paid to this plaintiff the sum of $30, instalments of compensation due him as an injured employee under the laws above set out; that the plaintiff took and accepted such instalments and payments, and that this defendant tendered to plaintiff further instalments of the amount due plaintiff under the laws of Nebraska as the same became due, but that the plaintiff refused to accept said payments; that defendant stands ready and willing to make such compensations to the plaintiff as is just under the employers' liability act above set out." The answer was verified in the usual form, but it contained no prayer for a dismissal, nor for relief in any particular. The reply of plaintiff was a general denial.

A jury was impaneled, and when the testimony was practically all submitted the court adopted the theory advanced by defendant and announced that the case was one that should be tried by the court under the employers' liability act. Defendant then moved for a directed verdict "and to dismiss this action for the reason that the evidence plainly discloses that any cause of action which may be had by this plaintiff is a cause of action under article 8 of chapter 35 of the Revised Statutes of Nebraska for 1913, and part 2 thereof (employers' liability act), and that the plaintiff cannot maintain this action under the evidence in this case; and for the further reason, second, that the plaintiff has

affirmatively disclosed in this case in the evidence that he has no right of action against this defendant, the Acme Amusement Company, at this time." Defendant's motion was overruled, to which it excepted. The jury was thereupon discharged and the cause continued for about a week, when at the appointed time the parties again appeared and additional testimony was introduced by plaintiff, over defendant's objection "to any further testimony being taken in this case for the reason that the same is incompetent, immaterial, irrelevant, and for the further reason that the court has no jurisdiction to hear testimony herein, and for the further reason that the case was duly submitted and the jury discharged." This motion was overruled, to which defendant excepted. The court then on the merits found that plaintiff's injuries were permanent and rendered a judgment in his favor for $292.50, that amount being due him at the rate of $7.50 a week from September 25, 1916, until the date of the decree; plaintiff's wages at the time of the injury being $15 a week. The court also awarded plaintiff $7.50 a week for 254 additional weeks and $6 a week thereafter so long as he should live; the findings and judgment all being in pursuance of the employers' liability act. From this judgment defendant appealed. Plaintiff took no appeal.

The record presents an anomalous situation. The case was tried and judgment rendered in favor of plaintiff in pursuance of an act pleaded by defendant, and under which it averred its willingness to make just compensation. An act, too, that it recognized by making payments to plaintiff even before the action was begun. Nevertheless defendant in its brief argues that "the court had no jurisdiction to enter up a judgment in favor of plaintiff and against defendant on a theory or cause of action not set up in plaintiff's pleadings and inconsistent therewith," and that "the evidence did not show a total and permanent disability, and was not sufficient to support a judgment for a total and permanent disability."

Defendant's argument appears to be purely technical. Courts are instituted to find out the right and administer justice. In view of the pleadings of both parties and of the testimony, the judgment of the trial court on the merits was right. The employers' liability act was intended by the legislature to simplify legal proceedings and to bring about a speedy settlement of disputes between the injured employee and his employer. It was intended to take the place of the tort action with its tedious delays and technicalities that so often clog, and at times totally defeat, the administration of justice.

The act, in section 3678, Rev. St. 1913, expressly provides: "In case of a dispute over or failure to agree upon a claim for compensation between employer and employee, * * * either party may submit the claim * * * to the district court, * * * which court shall have authority to hear and determine the cause as a suit in equity and enter final judgment therein." In section 3680, Rev. St. 1913, the act provides generally that, in case of dispute, "either party may file in the district court a verified petition setting forth the names and residences of the parties and the facts relating to the employment at the time of the injury, * * * and also stating the matter or matters in dispute and the contention of the petitioner with reference thereto," * * * and that "the court shall proceed to hear and determine the cause without delay."

In view of the foregoing statutory provisions and of defendant's answer and of the pleadings generally, and the testimony in support thereof, we decline to vacate the judgment and submit the parties to the expense and annoyance of a new trial. It is obvious that another trial would result in the same conclusion. The judgment on the merits appears to us to be clearly right. Waiving technicalities, it seems to be immaterial under the act whether the cause of action is called to the attention of the court by the petition of the employee or,

as in the present case, by the answer of the employer. Section 3683, Rev. St. 1913, provides that the award may be increased or decreased at any time after six months from the date of the award as the facts may warrant upon application made to the court for that purpose. So that if plaintiff's injuries are not permanent, as defendant argues, it is not without remedy.

Ordinarily the application of purely technical rules of practice are not appealing to the court unless to prevent an injustice, and never less appealing than when invoked in a controversy that is properly triable under a legislative enactment that owes its origin, in part, to a desire to bring about a speedy settlement between the employer and the injured employee. *Mahowald v. Thompson-Starrett Co.*, 134 Minn. 113, is in point. There an administratrix sued and recovered a verdict and judgment for $6,500 for death of her intestate by wrongful act. On its application defendant was granted a new trial. On appeal it was held: "Instead of granting a new trial with privilege to plaintiff to proceed under the compensation act, we think the trial court should have reduced the verdict so as to correspond with the amount allowable under that act."

Defendant contends that it should not be charged with the costs in the action. From the first it conceded that the plaintiff was entitled to compensation under the employers' liability act. The plaintiff contended that his rights were not limited by that act, but that he was entitled to recover upon his action in tort for the full amount of any damages that he may have sustained. This contention involved only the right of the plaintiff to maintain the action in the form in which he brought it, and his right to recover costs against the defendant in that action. As the defendant prevailed respecting the form of action, it follows that the costs occasioned by the trial of the tort action were wholly unnecessary. When that question was determined, the one that remained was as to the amount of the plain-

Beideck v. Acme Amusement Co.

tiff's recovery under the compensation act, and that was properly determined in favor of the plaintiff by the trial court, and upon that issue the plaintiff should recover his costs. We therefore conclude that. the costs that accrued up to the time that the court discharged the jury and determined that the action was triable under the employers' liability act should be taxed against the plaintiff.

With this modification the judgment of the trial court is

AFFIRMED.

LETTON, J., not sitting.

CORNISH, J., dissenting.

Under Code procedure, the pleadings must be in writing. Parties going to trial may assume that only the issues made by the pleadings will be tried and that the judgment entered will be in accordance therewith. "If a petition fails to. state a cause of action it will not support a judgment." *Burlington & M. R. R. Co. v. Kearney County,* 17 Neb. 511. The Code (Rev. St. 1913, sec. 7668) provides that the objection that the court has not jurisdiction over the subject-matter, or "that the petition does not state facts sufficient to constitute a cause of action," is never waived. Liberal provision is made for the amendment of pleadings. The cause pleaded, the proof, and the judgment must agree. The court is not at liberty to go anywhere in the pleadings—to the petition, answer or reply—to find the allegations of fact necessary to make the plaintiff's cause of action.

The provision in the Code (Rev. St. 1913, sec. 7713) that the court shall "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party" merely permits a defective statement of the cause, generally arising by mistake, to be aided in certain cases by an allegation of fact or admission made by the adverse party. This

rule obtains only where the cause of action pleaded, or attempted to be pleaded, has omitted some necessary allegation. It applies only to a ''defective'' statement of the cause pleaded. *Railway Officials & Employees Accident Ass'n v. Drummond*, 56 Neb. 235, 240.

I do not understand my associates to disagree with the above statement of the law. The opinion is based upon a situation peculiar to this case and the law applicable to cases arising under the employers' liability act.

The plaintiff's action is in tort. The petition lacked no allegation necessary to make it a complete cause of action in tort for negligence. It was in no way defective, and did not allege or attempt to allege the facts necessary to show liability under the employers' liability act. The answer asked no affirmative relief, but, by way of defense, alleged facts showing that the defendant's liability was under the employers' liability act. The allegations of the answer were denied.

The court at the conclusion of the evidence took the case from the jury and proceeded, over the objections of defendant, to take more evidence as if the action were under the employers' liability act. Whether this could be done is questionable in my mind. Surely an action under the employers' liability act is not an action in tort. If it could be done, the proper procedure would have been for the trial court to permit amendment of the pleadings, so that issues could be joined, involving liability under the act. In such case, up to that time the costs should have been taxed to the plaintiff. No such order or amendment was made.

I am of opinion that, even though it may be thought conducive to justice and not contrary to law to permit the judgment to stand, it can only be done by permitting the plaintiff to amend his petition, paying all costs made up to the time of the amendment.