Myers v. Armour & Co.

ELSIE MYERS, ADMINISTRATRIX, APPELLANT, V. ARMOUR &
COMPANY, APPELLEE.

FILED APRIL 4, 1919. No. 20941.

Master and Servant: WORKMEN'S COMPENSATION: PAYMENTS.    Under
the workmen's compensation act, commutation and payment in a
lump sum by order of the district court are authorized only in the
exercise of a sound discretion upon an agreement or a settle-
ment by the parties.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*A. H. Murdock* and *J. C. Barrett,* for appellant.

*Kennedy, Holland, De Lacy & Horan,* contra.

ROSE, J.

This is a proceeding under the workmen's compensa-
tion act. While Joseph J. Myers was performing his
duties as an employee of Armour & Company in a pack-
ing-house in Omaha, September 4, 1918, a boiler ex-
ploded and fatally injured him, death ensuing a day
later. He left surviving him his widow, Elsie
Myers, age 26, and a daughter 2 years old. The widow
was appointed administratrix of his estate. As such
she instituted this proceeding before the compensation
commissioner and applied for an order commuting the
statutory compensation and requiring payment in a
lump sum. The application was overruled, and the
executrix appealed to the district court, where a judg-
ment was rendered in her favor for the payment of $12
a week for 350 weeks and for funeral expenses in the
sum of $100, but the application for a commutation
and for payment in a lump sum, being resisted by the
employer, was overruled on the ground that such re-
lief could not be granted without the consent of both
parties. It is from this judgment that the executrix
has appealed.

The employer concedes that the widow, for the benefit of herself and child, is entitled to $12 a week for 350 weeks and to $100 for funeral expenses. The only question presented is the authority of the district court, under the workmen's compensation act, to order commutation and payment in a lump sum. The answer to the question depends on the meaning of the language used by the legislature. The workmen's compensation act provides:

"The amounts of compensation payable periodically under the law, by agreement of the parties with the approval of the compensation commissioner, may be commuted to one or more lump sum payments, except compensation due for death and permanent disability, which may be commuted only upon the order or decision of the district court; provided, that where commutation is agreed upon, or ordered by the court, the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments, capitalized at their present value upon the basis of interest calculated at five per centum per annum with annual rests. Upon paying such amount the employer shall be discharged from all further liability on account of the injury or death, and be entitled to a duly executed release, upon filing which, or other due proof of payment, the liability of such employer under any agreement, award, findings, or decree shall be discharged of record.

"Whenever an injured employee or his dependents and the employer agree that the amounts of compensation due in periodic payments for death, permanent disability, or claimed permanent disability, under this article, shall be commuted to one or more lump payments, such settlement or agreement therefor, shall be submitted to the district court in the following manner:

"An application for the approval of such settlement, signed by both parties, shall be filed with the clerk of the district court, and shall be entitled the same as an

action by such employee or dependents against such employer; and shall contain a concise statement of the terms of the settlement sought to be approved, together with a brief statement of the facts concerning the injury, the nature thereof, the wages received by the injured employee prior thereto, and the nature of the employment. The judge of the district court, immediately, or within one week after the filing' of said application, unless there be good cause for continuance, at chambers or in open court and in or out of term time, shall hold a hearing on said application, and proof may be adduced, witnesses subpœnaed and examined, the same as in an action in equity. If, after such inquiry, the court finds said settlement fair, just, and for the best interests of said employee or his dependents under all the circumstances, he shall make an order approving the same. If such agreement or settlement be not approved the court may dismiss said application at the cost of the employer or continue the hearing, in the discretion of the court." Laws 1917, ch. 85, sec. 131.

This legislation was enacted to protect the dependents of employees. The regular method of exacting compensation is the requiring of periodical payments for a definite period. The system does not contemplate payments in large sums to dependents who may be improvident. The law was not framed to defeat the legislative aims. To prevent dependents from dissipating or losing their means of support, payments at stated times are required for definite periods. An unnecessary construction which would defeat the intention of the lawmakers should be avoided. Payment in a lump sum is a departure from the general rule. When this method is followed, the authority for such a course should be found in the language relating to the exception. In the light of all of the legislation on this subject, the discretion of the district court in passing on application for commutation seems to be

invokable only where both parties have agreed to such a course. This construction is not refuted by the exception in the following provision:

"The amounts of compensation payable periodically under the law, by agreement of the parties with the approval of the compensation commissioner, may be commuted to one or more lump sum payments, except compensation due for death and permanent disability, which may be commuted only upon the order or decision of the district court."

The latter clause, in connection with the entire act, does not necessarily mean that the district court, in absence of an agreement for commutation, may order payment in a lump sum to compensate a dependent for the death or for the permanent disability of the employee. Other provisions have a different import.

In the district court the procedure for commutation and payment in a lump sum in case of death or of permanent disability applies alone to agreements or settlements. A method of procedure in absence of a mutual understanding of the parties is not found in the statute. In overruling the application the trial court correctly interpreted the law.

AFFIRMED.

CORNISH, J., not sitting.