JUDDIE JOHNSON, APPELLEE, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLANT.

FILED JULY 14, 1920.   No. 21047.

1. Insurance: CANCELATION. The statutory right of insured to a cancelation of his fire insurance is by construction a part of the insurance contract, and may be exercised by his request for cancelation and surrender of the policy for that purpose. Rev. St. 1913, sec. 3208.

2. ———: Loss: SETTLEMENT: CONSIDERATION. After the exact amount of a loss by fire has been definitely determined by the insured and

an insurer that carries the entire risk, a partial payment, a receipt by insured in full satisfaction of the loss, and a claim asserted by the insurer, without any foundation in fact, law or equity that other insurance covering a proportion of the loss was in force when the fire occurred, do not constitute a consideration for a compromise and settlement, or for an accord and satisfaction, or require insured to refund or tender back the partial payment as a condition of recovering the remainder of the loss.

3. Costs: ATTORNEY'S FEES. Statutory authority to tax as costs an attorney's fee upon the rendition of a judgment in favor of plaintiff in an action on "any policy of life, accident, indemnity, sickness, guarantee, or other insurance of a similar nature," extends to an action on a fire insurance policy, since "indemnity" as thus used includes fire insurance. Rev. St. 1913, sec. 3212.

4. ———: ———. Under the statute authorizing the taxation of an attorney's fee upon rendition by the district court of a judgment in favor of plaintiff in an action on an insurance policy, as amended in 1919, an additional attorney's fee is allowable in the supreme court for appellate proceedings. Laws 1919, ch. 103, sec. 2.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Montgomery, Hall & Young,* for appellant.

*Hainer, Craft & Edgerton* and *C. C. Fraizer,* contra.

ROSE, J.

This is an action on a fire insurance policy issued September 27, 1917, to plaintiff by defendant for $7,500 on a stock of merchandise in Stockham. The insured property was destroyed by fire October 11, 1917. Plaintiff's loss was $7,412.30. Defendant paid $5,657.91 October 22, 1917, and through its adjuster procured a receipt containing the recital that the payment was in full satisfaction of all claims by plaintiff for his loss. The relief demanded in this action is the recovery of $1,754.39—the difference between the loss of $7,412.30 and the payment of $5,657.91. There is no dispute about the validity of the policy in suit, or about the amount of the loss, but the theory of the defense is that the insured property was protected by two policies, the one on which this action is based and another issued by

the Springfield Fire & Marine Insurance Company for $2,500; that both policies were in force at the time of the fire; that the proportion of the loss for which defendant was liable was the amount of the payment of $5,657.91, and that of the other insurer $1,754.39. The theory of plaintiff is that the smaller policy had been canceled before the loss occurred, and that at the time of the fire defendant was carrying the entire risk. There was a judgment in favor of plaintiff for the full amount of his claim, and defendant has appealed.

The first point argued is assigned error in a finding of the trial court that the policy for $2,500 issued by the Springfield Fire & Marine Insurance Company had been canceled before the insured property was destroyed by fire. Under this head it is argued by defendant that insurance is not terminated until the steps essential to a cancelation of the policy are taken, and until the minds of the parties to the contract have met on that proposition.

Prior to the issuance of the policy for $7,500 September 27, 1917, defendant had been carrying plaintiff's risk to the extent of $6,000 only under a policy expiring on that date, and the smaller policy for $2,500 issued by the Springfield Fire & Marine Insurance Company had not expired. Several days before defendant's risk was increased from $6,000 to $7,500, plaintiff expressed to the agent of defendant a purpose to have the latter carry all of the insurance and to cancel the 2,500-dollar policy, trusting defendant's agent to transact the business. The agent communicated the contemplated change to defendant, increased the insurance to $7,500 September 27, 1917, and on that date, under authority from plaintiff, delivered the 2,500-dollar policy to the agent of the Springfield Fire & Marine Insurance Company, with a request to cancel it. The latter company, upon notification by its agent of the request for cancelation, and upon his inquiry for information as to

the amount of the unearned premium, wrote to him October 3, 1917, as follows:

"If the owner wants the policy canceled, he is entitled to $4.50 return premium, which amount you can pay him and take his receipt for same on the blank attach-ed to the policy, and forward same to this office, and we will credit you with the proper return premium, less return commission."

The agent to whom this letter was directed received it, and promptly went to the store of plaintiff to comply with instructions, but plaintiff was temporarily absent at the time, and the fire occurred before the unearned premium was refunded. On the facts as they appear in evidence defendant states its position as follows:

"The Springfield agent never carried out his instructions, and the policy was never canceled, and the unearned premium was never paid, because Johnson, the insured, was out of town at the time; and thus matters stood at the date of the fire. It is therefore apparent from the facts that while it was the intention of John-son to have his Springfield policy canceled, that intention was never carried into effect, and on the day of the fire, October 11, 1917, the Springfield policy was in force, and is liable for its *pro rata* amount of the loss."

Is this position tenable? Defendant issued and plaintiff accepted the 7,500-dollar policy with the understanding that the entire risk was thus assumed and that the smaller policy should be canceled. In addition, the agent of defendant undertook to procure the contemplated cancelation. An insured's right to cancel a policy at any time and the terms of the cancelation are creations of statute. Rev. St. 1913, sec. 3208. "Any company or association transacting the business of insuring property against loss or damage from any cause shall," declares the legislature, "cancel any policy of insurance at any time upon the request of the party insured," and return the amount of the unearned premium. This statute is by construction a part of the policy

of insurance. The insured's right to a cancelation is exercised by a request and a surrender of the policy. The imperative terms imposed on the insurer upon such a request are "cancel" and "return." Upon these statutory and contractual terms the minds of the parties met when the policy was issued and accepted. Upon a request for cancelation and a surrender of the policy the only alternative of the insurer is to cancel the policy and return the unearned premium computed according to a definite rule adopted by statute. In these respects there is nothing left open to call for a meeting of the minds of the parties. In the present case the intention of plaintiff to cancel the smaller policy was free from doubt when defendant issued and delivered the policy for $7,500. The parties meant that defendant should carry the entire risk, and both understood that the other policy had been surrendered for cancelation. To that end plaintiff did all the statute and the insurance contract required of him. He surrendered the smaller policy. He requested its cancelation, and never renounced his request. He asked for his unearned premium, and would have received it had he been at his place of business when the agent of the Springfield Fire & Marine Insurance Company called to refund it according to statutory and contractual requirements.

The latter company, by inserting in its reference to the request for cancelation, its doubting "if," and its agent by a mere delay in returning the unearned premium, though he once called for that purpose when plaintiff was temporarily absent, did not defeat plaintiff's exercised right to cancelation. The request and the surrender before there was any loss, under all of the circumstances, amounted to a cancelation within the meaning of the statute when considered a part of the insurance contract. At the time of the fire, therefore, the smaller policy was not in force, and the entire loss fell on defendant.

Other defenses interposed are compromise and settlement, accord and satisfaction, and failure of plaintiff to tender back the payment as a condition of maintaining the action for the unpaid remainder of the loss. These defenses are untenable. Before settlement or partial payment the entire amount of plaintiff's loss by fire had been definitely determined to be $7,412.30. This was the estimate of defendant itself and the amount was conceded by plaintiff to be correct. Defendant carried the entire risk, and under its policy was liable to plaintiff for the whole of the loss. On the undisputed facts there was no foundation in law or equity for the claim that other insurance on the same property was in force at the time of the fire or that another insurer was liable for a proportion of the loss. The payment of $5,657.91 was an indebtedness of defendant in every aspect of the case, and in making it defendant surrendered or yielded nothing but what it concededly owed on its policy. That sum could have been collected from it in any event according to its own admissions. The partial payment, the unfounded claim and the receipt in full, therefore, did not amount to a consideration for a settlement, or for a release of the unpaid balance, or for an accord and satisfaction. In law and justice the alleged settlement or compromise was void for want of consideration. In other words, when the adjuster for defendant induced plaintiff to sign the receipt, the recital that payment was in full satisfaction of insurer's liability for the loss was procured for nothing. Under such circumstances the receipt merely evidenced the amount of a credit on the indebtedness. Plaintiff was not required to refund the partial payment as a condition of recovering the remainder. Reduced to a form applicable to the facts the sum of the law is: After the exact amount of a loss by fire has been definitely determined by the insured and an insurer that carries the entire risk, a partial payment, a receipt by insured in full satisfaction

of the loss, and a claim asserted by the insurer, without any foundation in, fact, law or equity that other insurance covering a portion of the loss was in force when the fire occurred, do not constitute a consideration for a compromise and settlement, or for an accord and satisfaction, or require insured to refund or tender back the partial payment as a condition of recovering the remainder of the loss. *Prudential Ins. Co. v. Cottingham,* 103 Md. 319; *Mintzer v. Supreme Council, A. L. H.,* 85 N. Y. Supp. 23; *Weidner v. Standard Life & Accident Ins. Co.,* 130 Wis. 10; *Goodson v. National Masonic Accident Ass'n,* 91 Mo. App. 339; *Farmers & Mechanics Life Ass'n v. Caine,* 224 Ill. 599; *Girard Fire & Marine Ins. Co. v. Canan,* 195 Pa. St. 589; *Chambers v. Niagara Fire Ins. Co.* 58 N. J. Law, 216; *New Amsterdam Casualty Co. v. Mesker,* 128 Mo. App. 183; *American Workmen v. James,* 14 Ala. App. 477. In these views of the facts and the law there is no defense to plaintiff's cause of action.

In one of the assignments of error an attorney's fee of $200, taxed below as costs, is assailed on the ground that it is unauthorized. When the judgment was rendered the statutory power to allow such a fee extended to actions on "any policy of life, accident, indemnity, sickness, guarantee, or other insurance of a similar nature." Rev. St. 1913, sec. 3212. The legislature by the use of these terms, including "indemnity" or "other insurance of a similar nature," intended to include fire insurance. In both a popular and a legal sense one of the meanings of indemnity is a contract of insurance, and in the connection used includes indemnity against loss by fire. In so construing the statute the trial court did not err.

Plaintiff has applied for an additional attorney's fee to be taxed as costs on appeal. This application seems to be meritorious, and authority to allow it was recently granted by the legislature. Laws 1919, ch. 103, sec. 2. Complying with the purpose and the spirit of the law,

838          NEBRASKA REPORTS.          [Vol. 104

the sum of $100 is here allowed as a reasonable attorney's fee for the appellate proceedings.

AFFIRMED.

ALDRICH, J., not sitting.