WESTERN NEWSPAPER UNION, APPELLANT, V. ARTHUR DEE, APPELLEE.

FILED APRIL 11, 1922.   No. 22431.

1. **Master and Servant:** WORKMEN'S COMPENSATION ACT. In a proceeding under the workmen's compensation act a speedy settlement of controversies between employer and employee is contemplated by the legislature.

2. **Courts:** TRANSFER OF CASES. Where one of the judges of the district court for Douglas county calls a compensation case for trial,

hears part of the testimony, temporarily suspends the hearing with the consent of both parties pending negotiations for a settlement, permits the case to be transferred to another judge of the same court, and leaves the state for an absence of several weeks, the latter judge, if such negotiations fail, may properly hear and determine the controversy.

3. Master and Servant: COMPENSATION AWARD: ATTORNEY'S FEES. Under the workmen's compensation act a reasonable attorney's fee may be taxed in the district court for the benefit of the employee, if the employer appeals from the compensation commissioner and fails to procure a reduction of the award.

4. ———: ———: ———. In a proceeding under the workmen's compensation act the allowance of a reasonable attorney's fee in the district court affects the remedy only and may be taxed as an item of costs, though the injury for which compensation is allowed occurred before the legislature authorized such a fee.

5. ———: ———: PENALTIES. Where there is no reasonable ground for a controversy over the right of an injured employee to recover from his employer specific weekly payments of compensation for an obvious, temporary, total disability, the employer may be subjected to the statutory penalties, if there is a failure to pay, tender, or offer to pay the weekly compensation as it falls due.

6. ———: ———: ———. Where there is a reasonable controversy between an employer and an employee, obviously entitled to compensation for a temporary total disability, over compensation for a permanent partial loss, penalties for failure to pay or tender compensation for the latter should not be imposed.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed, with directions.*

*James C. Kinsler,* for appellant.

*W. J. Connell* and *Herbert J. Connell, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DEAN and ROSE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation act. While Arthur Dee, a boy 16 years old, who appears in the record as defendant, was in the employ of the Western Newspaper Union, herein called plaintiff, and was running an elevator in the city of Omaha for $9 a week, his

left foot was caught between the moving car and a stationary floor March 12, 1918, and he was severely injured below the knee. He was in a hospital several months and there submitted to a number of operations. He was totally disabled for 94 weeks and the permanent injury to his foot was 20 per cent. of normal efficiency. Under the workmen's compensation act he was entitled to $6 a week for 94 weeks on account of his temporary total disability. Laws 1917, ch. 85, sec. 7. He was also entitled to $6 a week for 25 weeks for his permanent partial loss. Rev. St. 1913, sec. 3662; *Poast v. Omaha Merchants Express & Transfer Co.,* 107 Neb. 516. Defendant at first claimed damages in the sum of $5,000. Plaintiff, recognizing its liability for compensation, but denying liability for both a temporary total disability and a permanent partial loss, applied to the compensation commissioner for a determination of the controversy. There defendant filed an answer claiming $9 a week for both periods and also statutory penalties. From an award in favor of defendant for compensation and penalties for both periods, plaintiff appealed to the district court for Douglas county, where there was a judgment in favor of defendant for $1,139, made up of the following items: Attorney's fee, $200; compensation for temporary total disability during 94 weeks at $6 a week, $564; penalties for 71 weeks at $3 a week, $213; compensation for 30 weeks at $6 a week on account of a permanent partial loss equal to 20 per cent. of normal efficiency, $180; penalties for 30 weeks at $3 a week, $90; total $1,247, minus a credit of $108, leaving a balance of $1,139. From this judgment plaintiff has appealed.

It is first argued that the judgment of the district court is void because it was pronounced by Judge Carroll O. Stauffer, who, it is said, acted without jurisdiction in hearing and in determining the controversy. It is insisted that the case was called by Judge Willis G. Sears, who assumed jurisdiction, ordered the trial to proceed, and heard part of the testimony. Plaintiff takes the position that Judge Sears did not continue the case or finish the trial or lose

jurisdiction. On the face, of the record the point does not seem to be well taken.. In the midst of the trial before Judge Sears the parties entered into negotiations for a settlement. By mutual consent the hearing was temporarily suspended. In the meantime Judge Sears left for California to be gone several weeks. He had consented to a trial before Judge Stauffer, and the latter assumed jurisdiction, over the objections of plaintiff, after the attempt to make an amicable settlement had failed. There was only one court and each judge had authority to exercise its powers. Each party was entitled to a speedy determination of the issues. Defendant asserted that right under the workmen's compensation act. It is the policy of the legislature to avoid unnecessary delays in a case of this kind and to require a speedy adjudication. In some respects compensation cases take precedence over other cases by specific enactment of the legislature. Rev. St. 1913, sec. 3680. The courts take the same view. In *Beideck v. Acme Amusement Co.*, 102 Neb. 128, it was said:

"The employers' liability act was intended by the legislature to simplify legal proceedings and to bring about a speedy settlement of disputes between the injured employee and his employer."

To carry out the purposes of legislation on this subject Judge Stauffer properly assumed jurisdiction with the consent of Judge Sears during the latter's absence in California.

On the merits of the case there is little in controversy beyond the allowance of an attorney's fee and the statutory penalties for nonpayment of weekly compensation as the installments fell due.

Was an attorney's fee properly allowed? The answer depends on the terms of the statute. In 1919 the act was amended and now contains the following provision:

"Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are had before the compensation commissioner, a reasonable attorney's fee shall be

allowed the employee by the court in the event the employer appeals from the award of the commissioner and fails to obtain any reduction in the amount of such award; the appellate court shall in like manner allow the plaintiff a reasonable sum as attorney's fees for the appellate proceedings." Rev. St. 1913, sec. 3666, as amended, Laws 1919, ch. 91, sec. 4.

Though this provision was inserted by amendment after defendant was injured, the attorney's fee relates to the remedy and may be taxed as an item of costs in entering judgment on a claim that arose before the amendatory act was passed. *Reed v. American Bonding Co.*, 102 Neb. 113; *Johnson v. St. Paul Fire & Marine Ins. Co.*, 104 Neb. 831. From the compensation commissioner plaintiff appealed without reducing the award. An attorney's fee, therefore, was properly taxed in the district court and the amount allowed does not seem to be unreasonable.

Were the penalties imposed by the trial court for non-payment of weekly compensation when due authorized by law? The objections to these penalties may be summarized thus: Defendant made no claim for statutory compensation; did not commence any proceeding for the purpose of having his rights determined; refused to accept periodical payments; demanded $5,000 and refused to accept less than $3,000. In this connection it is asserted by plaintiff that an offer to pay compensation weekly would have been foolish and futile, because it would have been rejected; that from the beginning plaintiff was willing to pay all compensation allowable under the statute, and of this defendant was advised; that there was a reasonable controversy which prevented the allowance of penalties. Plaintiff's theories of the facts and the law cannot be accepted in their entirety. Both parties demanded too much and neither is in an ideal position in that respect. In court each stands on legal rights measured by statute. Plaintiff knew soon after the injury that defendant demanded money for the injuries suffered and compensation in some form in some amount is conceded. Plaintiff sought

relief in court on terms that did not fully meet the requirements of the law. In appealing to the court to be discharged from liability without being subjected to penalties, compliance with statutory requirements by actual payment or proper tender was essential. It is the policy of the law to require an employer to pay an injured employee weekly compensation based on his weekly wages. The system does not contemplate a large payment in a lump sum. *Myers v. Armour & Co.*, 103 Neb. 407. In offering or tendering compensation this feature of the law cannot be ignored. Plaintiff knew from the first that defendant was entitled to $6 a week for a time at least. Uncertainty as to the length of the period, while defendant was in a hospital totally disabled, did not obviate the necessity of a legal tender and an offer to pay the weekly compensation as it fell due. Defendant never had an opportunity to reject a legal tender and an offer of this kind. Had plaintiff offered unconditionally to pay weekly $6 a week, during obvious, temporary, total disability within the statutory period, the same to apply on any compensation for which plaintiff should become liable, and had this offer been supplemented by a legal tender, there would have been no reason to reject the payments, and liability for penalties during that period would not have arisen. In a situation like this the trial court is not necessarily concluded by the opinion of a witness, however conscientiously expressed, that such tender and offer would have been foolish and futile. While defendant was totally disabled, plaintiff waited from March 12, 1918, until November 20, 1919, and then offered a draft for a lump sum of $456, compensation for 76 weeks at $6 a week. This was refused. It was not then the measure of plaintiff's liability. It did not include penalties already accrued for failure to pay or tender or offer to pay the weekly compensation as it fell due. It seems clear that there was no reasonable ground for controversy over the right of defendant to a weekly payment of $6 during his temporary total disability, and that he is entitled to the statutory penalties

imposed by the trial court for defaults during that period.

There was, however, a reasonable controversy over the right of defendant to recover, in addition to compensation for a temporary total disability, $6 a week for 25 weeks for a permanent partial loss of 20 per cent. of normal efficiency, and plaintiff should not have been penalized for litigating this phase of the case or for deferring payments pending a solution of that question. It has been the subject of grave consideration and just recently has been solved in favor of the employee. *Poast v. Omaha Merchants Express & Transfer Co.*, 107 Neb. 516; *Updike Grain Co. v. Swanson*, 104 Neb. 661. The period of compensation for the loss of a foot is 125 weeks under a recent amendment, instead of 150 weeks as formerly provided. Laws 1917, ch. 85, sec. 7. Twenty per cent. is 25 weeks. In estimating this period at 30 weeks under the act before it was amended and in allowing penalties during that time the trial court erred. For the purpose of correcting these errors as the record now stands, the judgment of the district court is reversed and the cause remanded at the costs of defendant in this court.

Reversed.