SAMUEL, Judge.
On November 5, 1965 plaintiff’s hand was amputated while he was operating a machine cutting pipe in the course and scope of his employment. This suit for workmen’s compensation was filed on January 6, 1972. Defendants, compensation insurers of plaintiff’s employer, filed an exception of prescription of one year to the petition. After a hearing, there was judgment maintaining the exception and dismissing the suit. Plaintiff has appealed.
The exception was heard and disposed of solely on the pleadings, one plaintiff exhibit received in evidence (a photostatic copy of a defendant draft), and the testimony of one defendant employee, a claim supervisor. The petition alleges plaintiff was paid compensation for the injury through March, 1971 and that he is entitled to weekly compensation for an additional 128 weeks.
The record reflects that compensation payments were made until February 19, 1969 at which time they were discontinued. On March 17, 1969 the draft in evidence was issued by the defendant. It is payable to the order of the plaintiff and his attorney in the amount of $3,500. On the face of the draft is typewritten “100 week comp at $35.00”. A block also on the face of the *735 draft contains an “x’ word “Final”. next to the printed
The exception is based on LSA-R.S. 23:1209 which, in pertinent part, reads as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. When such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of the last payment. . . .” LSA-R.S. 23:1209 (Emphasis ours).
The question presented is whether, as provided by the above quoted portion of LSA-R.S. 23:1209, one year had run from the time the last payment was made to the date on which the suit was filed. Plaintiff contends the draft of March 17, 1969 represents only an advance payment of 100 weeks compensation from that date forward; that, because of the typewritten notation of “100 week comp at $35.00” appearing on the face of the draft, defendants are estopped from contending otherwise; and that a suit filed during those 100 weeks would have been premature under LSA-R.S. 23:1314, which in effect prohibits the filing of a suit for workmen’s compensation while the maximum amount of compensation is being paid. Thus, plaintiff argues, prescription did not begin to run until the expiration of 100 weeks from the date, or the receipt, of the draft, i. e., from February 15, 1971 or later, and the suit filed January 6, 1972 is timely. Defendants’ position is that the draft of March 17, 1969 was a final settlement payment and consequently the suit filed January 6, 1972 is prescribed.
Testifying from his records, the defendant claim adjuster stated: On February 15, 1969 plaintiff’s attorney contacted him by telephone and demanded “A total and permanent disability payout on discount figures for some type of compromise in the area of $6,000.00”. At that time $9,205 indemnity and approximately $3,000 in medical had been paid, a total of $12,342.' He informed the attorney that $6,000 was too high and that he felt $3,500 was a proper figure. When the attorney said he would again speak to his client, the witness advised the attorney he would discontinue compensation payments for approximately one month until some type of litigation would be instituted. The $3,500 figure was offered to the attorney on several other occasions on each of which the offer was refused. However, when the witness obtained the approval of his superiors in the insurance company, he sent the draft in evidence to plaintiff’s attorney. After receipt of the draft the attorney informed the witness, again by telephone, that he was accepting the draft on the face value. The witness emphatically denied the draft was an advance payment of 100 weeks. He stated it was a final payment closing the case; that it was against the policy of his company to pay in advance at that time; and that the notation of 100 weeks compensation at $35 was only an internal accounting procedure for company purposes and was not intended to indicate payment in advance.
As we have pointed out, plaintiff offered no evidence except the copy of the $3,500 draft. We also note we are not presented with the question of whether or not the parties entered into a valid settlement or compromise of the workmen’s compensation claim (see LSA-R.S. 23:1271); prescription is the sole issue. Under all of the circumstances, especially in view of the fact that the plaintiff offered no evidence to the contrary, we cannot say the trial court committed manifest error in accepting the uncontradicted testimony of the defendant claim adjuster and based on that testimony, in concluding that the $3,500 draft was given in final settlement of *736 plaintiff’s claim and that plaintiff was nof led to believe otherwise by virtue of the notation relative to 100 weeks compensation at $35.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.