298 So.2d 724 (1974)
Gary J. DUFRENE, Plaintiff-Appellant-Relator,
v.
The AETNA CASUALTY & SURETY COMPANY and Aetna Insurance Company, Defendants-Appellees-Respondents.
No. 54416.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
*725 John F. Rau, Jr., Harvey, for plaintiff-appellant-relator.
Robert A. Vosbein, Adams & Reese, New Orleans, for defendants-appellees-respondents.
TATE, Justice.
The court of appeal affirmed the dismissal, as prescribed, of the plaintiff's suit against his employer's insurers for workmen's compensation benefits. 286 So.2d 734 (La.App. 4th Cir. 1973), certiorari granted 290 So.2d 330 (La.1974).
The facts are as follows:
On November 5, 1965, the plaintiff employee lost his hand at work. He was paid $35.00 weekly compensation to February 19, 1969. (Tr. 17.) At that time, an effort was made by the plaintiff's attorney to conclude a lump sum settlement of the claim at its discounted value of about $6,000, as authorized by La.R.S. 23:1274. However, the claim adjuster felt the claim was worth only $3,500.
The adjuster forwarded a draft of $3,500 to the claimant dated March 17, 1969. No court approval of the lump-sum payment was secured. The draft was marked "100 week comp at $35.00". An "x" is typed in a block marked "Final".
The plaintiff then filed this suit for remaining benefits due for total and permanent disability. This suit was filed on February 9, 1972. This was more than one year after the $3,500 payment made on March 17, 1969; but less than a year after the final week's compensation, if the $3,500 is regarded as an advance payment of one hundred weeks' compensation.
The previous courts held that the $3,500 payment in March, 1969 was intended to be a final settlement of the plaintiff's claim. In so doing, they rely on the testimony of the defendant adjuster, who testified from his records without (as he expressly noted) any independent recollection.
Therefore, since the present suit was brought within one year of this "last payment", La.R.S. 23:1209,[1] the defendant's exception of prescription was not maintained.
We think the previous courts were in error.
The payment could not have been in compromise of the plaintiff's claim, since it was not submitted to the court for approval and since (under the showing made) there was no bona fide dispute as to his disability. La.R.S. 23:1271-23:1273. The adjuster could not have intended a lump sum settlement of compensation admittedly due, since such are prohibited without court approval upon penalty of liability of the employer for payment of one and one-half times all compensation due. La.R.S. 23:1274.[2]
*726 The payment of $3,500 can only have been, as the plaintiff contends and as marked on the draft to the plaintiff, the advance payment on March 17, 1969 of one hundred weeks of compensation to become due. The "final" block checked does not, in the context of the other blocks on the draft, indicate other than that the draft paid in full such one hundred weeks of compensation due.
If, for instance, the plaintiff had brought suit for compensation during the one hundred weeks, the defendant could have raised the defense that the suit was premature since the defendant had paid the compensation then due. See La.R.S. 23:1314.[3] If on the other hand the plaintiff had within the two-year period sued for penalties for an illegal lump sum settlement prohibited by La.R.S. 23:1274 (see footnote 2), the defendant could have raised the defense that the payment was not an illegal lump sum payment but merely the advance payment of compensation.
In both instances, the defense would be based on the notation on the draft that the $3,500 was the payment for one hundred weeks' compensation. We do not believe that the defendant, now no longer exposed to the risk of such claims, can now contend that the draft was not intended to be payment of one hundred weeks of compensation, just as it states.
Accordingly, we reverse the judgments of the previous courts sustaining the exception of prescription, and we remand this case to the district court for further proceedings in accordance with law.
Reversed and remanded.
NOTES
[1] La.R.S. 23:1209 provides: "In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. * * *" (Italics ours.)
[2] La.R.S. 23:1274 provides:

"The amounts payable as compensation may be commuted to a lump sum settlement by agreement of the parties after having been approved by the court as reasonably complying with the provisions of this Chapter provided, that in making such lump sum settlement, the payments due the employee or his dependents, shall not be discounted at a greater rate than eight per centum per annum.
"If the lump sum settlement is made without the approval of the court, or at a discount greater than eight per centum per annum, even if approved by the court, the employer shall be liable for compensation at one and one-half times the rate fixed by this Chapter and the claimant shall, at all times within two years after date of the payment of the lump sum settlement and notwithstanding any other provisions of this Chapter, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate one and one-half times the compensation which would have been due but for such lump sum settlement. * * *"
[3] La.R.S. 23:1314 provides:

"Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or his dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, * * * the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed * * *."