LEWIS G. ALLEN, APPELLEE AND CROSS-APPELLANT, V. IBP, INC.,
FORMERLY IOWA BEEF PROCESSORS, INC., APPELLANT AND
CROSS-APPELLEE.

363 N.W.2d 520

Filed March 8, 1985.   No. 83-771.

Wayne E. Boyd of Smith, Smith & Boyd, for appellant.

Diane B. Carlson and Walter E. Zink II of Baylor, Evnen, Curtiss, Grimit & Witt, and Whicher, Ford & Gurdin, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This action was brought by appellee, Lewis Allen (hereinafter Allen), to recover workmen's compensation benefits from the appellant, IBP, Inc. (hereinafter IBP). A single judge of the Workmen's Compensation Court dismissed Allen's petition. On rehearing before the three-judge panel, he was awarded benefits for temporary total disability,

rehabilitation services, and medical expenses.

IBP appeals, discussing two assignments of error: (1) Allen's petition was barred by the statute of limitations; and (2) Allen did not sustain an accidental injury arising out of and in the course of his employment, causing the complained-of injuries.

Allen injured his back on January 16, 1979, while carrying a pan of meat in performance of his employment duties. He was paid temporary total disability for 12 weeks by IBP, and on October 25, 1979, IBP paid him a $2,223.26 lump sum payment representing 288 weeks of 5 percent permanent partial disability. No final settlement or release was ever executed, and the lump sum payment was not approved by any court. On February 19, April 19, and May 28, 1982, Allen suffered further injuries while in the employ of IBP. He has been unable to work since the May 28 accident. He filed his petition in the Workmen's Compensation Court on October 25, 1982.

Evidence in the rehearing showed that Allen had been diagnosed as having Paget's disease, severe arthritis, and a degenerative disk disease. There was also evidence that Allen's employment had contributed to the degenerative disk condition and had aggravated the disk condition and the arthritis.

The three-judge panel of the Workmen's Compensation Court found that Allen had suffered compensable injuries on January 16, 1979, and on February 19, April 19, and May 28, 1982. It also found that he was temporarily totally disabled from May 29, 1982, and will remain so for an indefinite period.

[T]he findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong.

In testing the sufficiency of evidence to support findings of fact made by the Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can reasonably be drawn therefrom.

Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 584, 254 N.W.2d 92, 95 (1977).

The first assignment concerns Neb. Rev. Stat. § 48-137

(Reissue 1984), which reads:

> In case of personal injury, all claims for compensation shall be forever barred unless, within two years after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within two years after the accident, one of the parties shall have filed a petition as provided in section 48-173. . . . When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years *from the time of the making of the last payment*.

(Emphasis supplied.)

Under the facts here, when did the statute of limitations begin to run? IBP claims that the time was October 25, 1979, when the lump sum payment was made. Allen argues that, absent court approval, the time begins to run when the last of the 288 weekly payments would have been paid had they been paid periodically; that being the statutory time "from the time of the making of the last payment." We agree with Allen.

Neb. Rev. Stat. § 48-139 (Reissue 1984) provides in part:

> Whenever an injured employee or his dependents and the employer agree that the amounts of compensation due as periodic payments for death, permanent disability or claimed permanent disability, under this act, shall be commuted to one or more lump-sum payments, such settlement or agreement therefor *shall* be submitted to the Nebraska Workmen's Compensation Court . . . .

(Emphasis supplied.)

Neb. Rev. Stat. § 48-140 (Reissue 1984) provides:

> All settlements by agreement of the parties with the approval of the compensation court and all awards of compensation made by the court, except those amounts payable periodically for six months or more, shall be final and not subject to readjustment; *Provided, no settlement shall be final unless it be in conformity with the provisions of this act and approval by and a finding by the compensation court and the district court or any appellate court.*

(Emphasis supplied.)

"A commuted award extends over the full period originally

covered by the same." (Syllabus of the court.) *Peterson v. Borden's Produce Co.*, 125 Neb. 404, 250 N.W. 240 (1933).

In *Dufrene v. Aetna Casualty & Surety Company*, 298 So. 2d 724 (La. 1974), the Louisiana court held that a $3,500 lump sum payment for 100 weeks of $35 periodic payments was only an advance payment, since it was not first approved by the court as required by law.

In *Southern Cotton Oil Co. v. Friar*, 247 Ark. 98, 444 S.W.2d 556 (1969), the employee had received two lump sum payments covering a 150-week period. Three years after the second payment, but less than 2 years after the 150-week period had expired, the employee filed a claim for additional compensation. The Arkansas court held that "the statute only commences at the date the last payment would have been due if the compensation had been paid in installments . . . ." *Id.* at 101, 444 S.W.2d at 558. See, also, *University v. Ind. Comm.*, 138 Colo. 505, 335 P.2d 292 (1959).

> Although the authorities are not in complete agreement, most of the courts which have passed on this question have held that where compensation is commutated and paid in a lump sum, payment so made at the time of commutation does not constitute a "last" payment so as to start the running of the statutory period within which review may be sought; the statutory period, in such a case, does not run against a review application until the time when the payments on the original award or agreement would have run out had they continued to have been paid in instalments. As a reason for such rule, it has been pointed out that commutation does not in and of itself affect the merits as to whether in a particular case further compensation may or may not be attempted to be secured, *but constitutes nothing more nor less than an advance payment.*

(Emphasis supplied.) Annot., 165 A.L.R. 9, 59-60 (1946).

While the A.L.R. citation referred to reopening or review of awards, the same rationale applies to original applications for compensation. Where compensation has been commuted by agreement and paid in a lump sum without court approval, § 48-139, such a payment is not final; it is nothing more than an

advance payment, and the statute of limitations, § 48-137, does not begin to run until the last periodic payment would have been paid, had payments been made in installments. To hold otherwise would, as here, permit employers to thwart claims of employees by imposing finality contrary to applicable statutes. Further, such a rule is in keeping with the general rule, "This jurisdiction has repeatedly held that the Workmen's Compensation Act is one of general interest, not only to the workman and his employer, but as well to the state and it should be so construed that technical refinements of interpretation will not be permitted to defeat it." *Fite v. Ammco Tools, Inc.*, 199 Neb. 353, 360, 258 N.W.2d 922, 926 (1977).

There is no merit to IBP's claim that there was no proof of an accident in the course of Allen's employment. Allen was carrying a pan of meat, bending under a conveyorlike machine, when he suffered the January 1979 accident. In February of 1982 he was twisting a side of beef when he first felt the pain. Those injuries required Allen to discontinue work and seek medical treatment. See *Sandel v. Packaging Co. of America*, 211 Neb. 149, 317 N.W.2d 910 (1982).

IBP also contends that there is insufficient evidence to support a finding that Allen's disability was caused by a work-related accident. Rather, it would have us find that the disability is the result of Allen's preexisting arthritis and Paget's disease. While it is clear that Allen's preexisting conditions contributed to his disability, it is also adduced from the testimony of the doctors that the accidents contributed to the disability. "It is sufficient to show that the injury and preexisting disease combined to produce disability, and it is not necessary to prove that the injury accelerated or aggravated the disease, in order to satisfy the requirement of the statute that the disability arose out of the employment." *Hagler v. Jensen*, 173 Neb. 699, 703, 114 N.W.2d 755, 758 (1962); *Tilghman v. Mills*, 169 Neb. 665, 100 N.W.2d 739 (1960). The evidence clearly supports the findings and the award made by the three-judge panel.

The final issues are raised by Allen's cross-appeal claiming that his award on rehearing should have included a reasonable attorney fee and interest as provided by Neb. Rev. Stat.

§ 48-125 (Reissue 1984), as amended by 1983 Neb. Laws, L.B. 18, effective August 26, 1983, which includes the following:

(1) . . . If the employer files an application for a rehearing before the compensation court from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the compensation court *shall* allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court *shall* in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court. *If the employee files an application for a rehearing before the compensation court from an order of a judge of the compensation court denying an award and obtains an award* or if the employee files an application for a rehearing before the compensation court from an award of a judge of the compensation court where the amount of compensation due is disputed and obtains an increase in the amount of such award, *the compensation court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court may in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in such court.* A reasonable attorney's fee allowed pursuant to this section shall not affect or diminish the amount of the award.

(2) *When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained* . . . .

(Emphasis supplied.)

Prior to the effective date of the L.B. 18 amendment, Allen, as appellant, was not entitled to either attorney fees or interest. § 48-125 (Reissue 1978); *Savage v. Hensel Phelps Constr. Co.*, 208 Neb. 676, 305 N.W.2d 375 (1981).

It was recently held in *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984), that the 1983 amendment to § 48-125 (L.B. 18) providing for the allowance of attorney fees is a remedy which affects procedure only, and such fees, when allowed, may be taxed as an item of costs when awarding

compensation on a claim that arose before the amendatory act was passed.

The facts here are generally similar to *Smith*; both claims arose before L.B. 18 became law. Both awards were granted after L.B. 18 became law. We discuss two differences that are without distinction: (1) Allen's hearing was held April 19, 1983, before L.B. 18 became law; in *Smith* the hearing was held after the effective date of L.B. 18; and (2) *Smith* relates only to attorney fees; Allen claims both attorney fees and interest.

"A trial . . . is: 'The examination before a competent tribunal . . . of the facts or law put in issue in a cause, for the purpose of determining such issue.'" *Otteman v. Interstate Fire & Cas. Co., Inc.*, 171 Neb. 148, 153, 105 N.W.2d 583, 586 (1960). A judgment is the court's final consideration and determination of the respective rights and obligations of the parties, as those rights and obligations presently exist. See, 46 Am. Jur. 2d *Judgments* § 1 (1969); *Kometscher v. Wade*, 177 Neb. 299, 128 N.W.2d 781 (1964).

> "[T]he recovery of costs is governed by the statute in force at the time the right to have them taxed accrued. In other words, *the right to costs depends upon the statutes in force at the termination of the action*, and not upon those in force when it was commenced." . . .
>
> The conclusion is that the statute in force when attorney's fees are properly and *timely allowed and taxed* in the district and supreme courts controls, and not the statute in force when proceedings are commenced before the compensation commissioner or the compensation court.

(Emphasis supplied.) *Solomon v. A.W. Farney, Inc.,* 136 Neb. 338, 348, 286 N.W. 254, 260 (1939).

From these authorities we conclude that it is the time that the compensation award was entered and not the hearing date that controls the application of the *Smith* rule, even though this language in *Smith* appears at 655, 358 N.W.2d at 215: "The question then becomes, Was this a substantive or procedural change so as to make the critical effective date the day of the accident or the day of the hearing?" We interpret this reference to a "hearing" to mean judgment, since it is followed by this citation from *Western Newspaper Union v. Dee*, 108 Neb. 303,

187 N.W. 919 (1922): " '[T]he attorney's fee relates to the remedy and may be taxed as an item of costs in entering *judgment . . . .* ' " (Emphasis supplied.) 218 Neb. at 656, 358 N.W.2d at 215.

The assessment of interest on the final award as provided in § 48-125(2) is conditioned upon an allowance of attorney fees; further, the right to interest depends upon the statute in force at the time attorney fees, if any, are allowed, and the time that the compensation award is made. The assessment of interest pursuant to § 48-125(2), like the allowance of attorney fees, is a remedy affecting procedure only, and the same may be awarded on a claim that arose before L.B. 18 became law.

Allen's claim for attorney fees and interest was first presented in this court. The record is silent concerning either an application for such allowances or any consideration given by the three-judge hearing panel. We may assume that neither occurred, inasmuch as at the time of the rehearing, April 19, 1983, L.B. 18 not only was not effective, it had not even been as yet signed by the Governor. (1983 Neb. Laws, 88th Leg., 1st Sess. 165.) Additionally, our opinion in *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984), which provided the authority to interpret that law as applicable in an instance such as this, was not released until November 9, 1984.

Because of *Smith*, retrospectively considered, the three-judge hearing panel did in fact possess the discretion to award the employee attorney fees and interest. Although we do not mean to suggest that in every instance when a court or other tribunal possesses such discretion, it must either make such an award or explain why it does not do so, we believe because of the situation as it exists in this case, it should be given the opportunity to examine and pass on that issue. Therefore, we remand the case to the compensation court for that purpose.

Appellee is allowed $750 as attorney fees in this court.

AFFIRMED IN PART, AND IN PART
REMANDED WITH DIRECTIONS.

KRIVOSHA, C.J., concurring in the result.

I concur in the result generally reached by the majority. Because, however, of reasons more particularly set out in my concurrence in *Smith v. Fremont Contract Carriers*, 218 Neb.

652, 358 N.W.2d 211 (1984), I dissent from that portion of the opinion which holds that the allowance of attorney fees and interest is a procedural matter only and therefore may be allowable in this case.