NYE-SCHNEIDER-FOWLER COMPANY, APPELLANT, V. BRIDGES, HOYE & COMPANY, APPELLEE; LION BONDING & SURETY COMPANY, APPELLANT.

FILED DECEMBER 3, 1915.    No. 18890.

1. **Insurance:** ACTION: ATTORNEY'S FEES. By the act of 1913 (Laws 1913, ch. 154, sec. 1; Rev. St. 1913, sec. 3137), any company or person that engages in the business of apportioning and distributing losses arising from specified causes, among all those who apply and are accepted to receive the benefits of such service, engages in a business of public character. The statute classifies such business as insurance, and provides at large for the regulation and supervision of such business. In actions upon contracts of indemnity by companies authorized under the statute, "the court upon rendering judgment against such company or person shall allow the plaintiff a reasonable sum as an attorney's fee, in addition to the amount of his recovery, to be taxed as part of the costs." Rev. St. 1913, sec. 3212.

2. ———: ———: ———. In such case it has been determined in this state that attorney's fees to be so taxed as costs relate only to

the remedy, and are to be so taxed without regard to whether the contract sued upon was entered into before or after the enactment of the statute.

Opinion on motion for rehearing of case reported, *ante*, p. 27. *Former judgment modified.*

SEDGWICK, J.

Upon motion to modify our former opinion, *ante*, p. 27, additional briefs were filed by both parties, and two questions are presented for further consideration: (1) Was the relation of the defendant Lion Bonding & Surety Company to this transaction that of an insurer, within the meaning of our statute providing for the allowance of attorney's fees? (2) If so, does that statute apply to insurance issued before the statute took effect?

1. Upon the first question it was said in the former opinion: "It appears to be conceded that the bond upon which these actions are brought is, as between the school district and the contractor, within the terms of this statute." The defendant contends that the point was not conceded, and presents a vigorous and interesting argument on the proposition that this class of contracts is not included in the statute. The first section of the act of 1913 (Laws 1913, ch. 154, art. I, Rev. St. 1913, sec. 3137) provides: "Within the intent of this chapter, the business of apportioning and distributing losses arising from specified causes, among all those who apply and are accepted to receive the benefits of such service, is public in character, and requires that all those having to do with it shall at all times be actuated by good faith in everything pertaining thereto; shall abstain from deceptive or misleading practices, and shall keep, observe and practice the principles of law and equity in all matters pertaining to such business. Upon the insurer, the insured and their representatives shall rest the burden of maintaining proper practices in said business." By section 78 of the act (Laws 1913, ch. 154, art. IV, Rev. St. 1913, sec. 3215) it is provided: "An insurance corporation may be formed to insure for the following

purposes: * * *. Fourth. Fidelity insurance. Guaranteeing the fidelity of persons holding places of public or private trust; guaranteeing the performance of contracts other than insurance policies, or guaranteeing and executing all bonds, undertakings and contracts of suretyship. Fifth. Liability insurance. Against loss or damage resulting from accident to or injury, fatal or nonfatal, suffered by an employee or other person for which the insured is liable."

By these sections any company or person that engages in the business of apportioning and distributing losses arising from specified causes, among all those who apply and are accepted to receive the benefits of such service, engages in a business of public character. The statute classifies such business as insurance, and provides at large for the regulation and supervision of such business. The argument in the brief is illustrated by the following language there used: "If your honors hold that this contract is one contemplated by the statute, then your honors must expect to be confronted with a demand, supported by the authority of your decision in this case, for an attorney's fee in every case against a surety. * * * And are your honors prepared to say that Jones, in suing Smith on his written promise to see that Brown pays for the groceries he may order from Jones, is entitled to exact his attorney's fee from Smith? If plaintiffs succeed here, Jones must also succeed. There is no difference." It seems plain that the legislature, by the sections above quoted, in connection with other provisions of the act, has attempted to make this very distinction. The distinction plainly is between one who may upon occasion become surety for another, and a company or persons who are engaged in and carry on the business of guaranteeing against losses "among all those who apply and are accepted to receive the benefits of such service." Such business is declared to be "public in character," and the legislature assumes that it is the duty of the state to see that those carrying on such business "shall at all times be actuated by good faith in

everything pertaining thereto; shall abstain from deceptive or misleading practices, and shall keep, observe and practice the principles of law and equity in all matters pertaining to such business." It classifies this business as insurance, and we cannot say that there is no basis for such classification, and cannot for that reason hold this legislation invalid.

An enactment of 1913 (Laws 1913, ch. 234, Rev. St. 1913, sec. 3212) provides: "That in all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy of life, accident, indemnity, sickness, guarantee, or other insurance of a similar nature, against any company or person doing business in this state, the court upon rendering judgment against such company or person shall allow the plaintiff a reasonable sum as an attorney's fee, in addition to the amount of his recovery, to be taxed as part of the costs."

In the case at bar the "person entitled thereto" brought this action upon a policy (sometimes called a contract in the act, Rev. St. 1913, sec. 3185) of indemnity against the company doing business in this state—a business which is defined in the act as insurance business. In such case the court must allow the plaintiff an attorney's fee, "in addition to the amount of his recovery."

2. Does the statute apply to contracts of this character entered into before the enactment of the statute? It is difficult to harmonize the decisions of this court bearing upon this question. If the allowance of attorney's fees relates to and affects only the remedy and does not affect the contract, it must be considered that the legislature intended that it should apply to all actions upon such contracts, whether the contracts were made before or after the enactment of the statute. It will not be presumed that the legislature intended to increase the legal liability of such companies upon contracts already existing. "It is not within the power of the legislature to create a legal liability out of a past transaction, for which none arose by the law as it stood at the time of its occurrence." 2 Sutherland (Lewis')

Statutory Construction (2d ed.) sec. 671. The statute of 1913 provides: "The court upon rendering judgment against such company or person shall allow the plaintiff a reasonable sum as an attorney's fee, in addition to the amount of his recovery, to be taxed as part of the costs." Laws 1913, ch. 234, sec. 1. If the question that we are considering was now presented for the first time, we would hesitate to say that this statute does not create and add to the contract a legal liability which would not exist under the contract prior to the enactment of this statute. The fact that the attorney's fee is to be taxed as costs in the case is not of itself decisive of the question. It was uniformly held under the act of 1873 that attorney's fees provided for by that act were not a part of the judgment proper, but were to be taxed as costs in the case, and yet, after the repeal of that act, attorney's fees were not allowed in actions upon contracts entered into while the act was in force. The fact that the allowance of attorney's fees and taxing them as costs in the case depended upon there being an express provision in the contract for such allowance would not change the nature of the allowance, and if they were properly considered as costs in the case, and ought to be regarded as a part of the remedy and not as adding any legal liability, the reasoning would apparently be the same, whether or not the contract provided for such costs. If the new statute adds an additional burden to the contracting parties that without the statute would not exist, it has generally been considered that such statute could not be applied to a contract entered into before its enactment. However, in *Security Co. v. Eyer,* 36 Neb. 507, in determining the question here presented, it is said: "Attorney's fees in states where they are allowed by the court to the successful party are in the nature of costs and are taxed and treated as such. They are no part of the judgment proper." In *Insurance Co. of North America v. Bachler,* 44 Neb. 549, 565, in deciding the same point, it is said: "We know of nothing in the Constitution which prohibits the legislature from

enacting that the successful party in litigation may recover a judgment against his adversary for the amount of the costs expended or accrued by him in the prosecution of such suit, nor do we know of anything that prohibits the legislature from including in the term costs a reasonable attorney's fee." These decisions are adhered to in *American Fire Ins. Co. v. Landfare*, 56 Neb. 482, and *Home Fire Ins. Co. v. Weed*, 55 Neb. 146. If these decisions are inconsistent with *White v. Rourke*, 11 Neb. 519, and *Bond v. Dolby*, 17 Neb. 491, and other cases following them, we do not feel at liberty to disregard the later cases, and must therefore hold that attorney's fees under this statute, as being a part of the costs of the litigation, relate to the remedy, and that it was the intention of the legislature that this statute providing for attorney's fees in such cases should apply, in all actions upon such contracts, whether the contract was made before or after the enactment of the statute.

It follows that our former decision should be modified so as to include these attorney's fees in the amount of the recovery, and, as so modified, it is adhered to. The district court will retax the costs allowing reasonable attorney's fees.

FORMER JUDGMENT MODIFIED.