Dysart v. Yeiser.

## J. T. DYSART ET AL., APPELLEES, V. JOHN O. YEISER, APPELLANT.

### FILED MARCH 27, 1923. No. 23176.

1. **Master and Servant:** WORKMEN'S COMPENSATION CASES: ATTORNEY'S FEES. Section 3031, Comp. St. 1922, construed, and *held* to limit the amount an attorney may lawfully charge or contract for as compensation for legal services or disbursements, in demands or suits arising under the workmen's compensation act, to such sum as may be approved in writing by the district judge.

2. ——: ——: ——. An attorney cannot enforce against a claimant for compensation any claim or agreement for attorney's fees, in a demand or suit brought under the provisions of the workmen's compensation act, for an amount in excess of that which is approved by the district judge.

3. ——: ——: ——: CONSTITUTIONAL LAW. Section 3031, Comp. St. 1922, restricting the amount an attorney may charge for legal services, in cases arising under the . workmen's compensation act, to such sum as the district judge shall approve, is a proper exercise of the police power of the state and does not contravene the provisions of either the fifth or the fourteenth. amendment to the federal Constitution.

4. **District Courts:** POWERS: SUSPENSION OF ATTORNEY. District courts are vested with jurisdiction to suspend attorneys from practice in their judicial districts upon proper showing.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed as modified.*

*John O. Yeiser, pro se.*

*Henry J. Beall* and *John W. Yeager, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH, DEAN, DAY and GOOD, JJ., RAPER, District Judge.

GOOD, J.

This case is brought to this court to review an order of the district court for Douglas county, directing appellant to refund $620 to his client, Anna Burkman, within 60 days, and, on failure so to do, that he stand suspended from the right to practice as attorney at law in said county until the further order of the court.

In October, 1919, a son of Anna Burkman, while in the

employ of the Blue Taxicab Company of Omaha, and while in the performance of his duties as a driver, had a collision with a street car of the Omaha & Council Bluffs Street Railway Company, resulting in his death. Mrs. Burkman employed appellant to represent her, to recover from the Blue Taxicab Company under the workmen's compensation act. A Mrs. Mortenson was appointed administratrix of the estate of the deceased son of Mrs. Burkman, and Mr. Yeiser was employed by the administratrix to prosecute an action against the Omaha & Council Bluffs Street Railway Company for damages because of its alleged negligence in bringing about the collision, which resulted in the death of young Burkman.

Appellant contends that he made a contract with Mrs. Burkman and with Mrs. Mortenson, by the terms of which he was to prosecute both cases and receive as compensation 40 per cent. of the amount recovered. Mrs. Burkman insists that the agreement was that Mr. Yeiser should have such fee in the compensation case as the court might allow, and that he was to have a contingent fee of 40 per cent. of the recovery in the action against the street railway company. The committee appointed by the court to investigate and make report of the complaint found that the contract between the parties provided that the compensation case against the taxicab company should be prosecuted by Mr. Yeiser for such fee as the court would allow him, and the action against the street railway company on the basis of 40 per cent. of the amount recovered, and found that the compensation case was settled for a total lump sum of $3,974, and that the court allowed him, as attorney's fee in that case, the sum of $250; that Mr. Yeiser retained out of the $3,974 the sum of $870, or $620 in excess of the court's allowance.

The record shows that the action against the street railway company is still pending in the district court on a motion for a new trial, and that a settlement was made in the compensation case in July, 1921, whereby compensation was allowed to the extent of $3,974. Mr.

Yeiser settled with Mrs. Burkman and paid her the avails of the compensation case, less $870, which he still retains, and asserts the right to retain, under the contract he claims to have made with Mrs. Burkman for compensation.

Appellant assigns as error that there is not sufficient evidence to support the finding and order; that the order is contrary to law; and that the court has no jurisdiction to enter such an order.

The view we take of the questions presented for determination makes it unnecessary to determine whether the contract of employment in the compensation case was for the percentage of the recovery, as claimed by appellant, or for such fees as the district court would allow, as claimed by Mrs. Burkman.

1, 2. Section 3031, Comp. St. 1922, being a part of the workmen's compensation act, provides: "No claim or agreement for legal services or disbursements in support of any demand made or suit brought under the provisions of this article shall be an enforceable lien against the amounts to be paid as damages or compensation or be valid or binding in any other respect, unless the same be approved in writing by the judge presiding at the trial, or, in case of settlement without trial, by the judge of the district court of the district in which such issue arose. After such approval, if notice in writing be given the defendant of such claim or agreement for legal services and disbursements, the same shall be a lien against any amount thereafter to be paid as damages or compensation: *Provided*, however, where the employee's compensation is payable by the employer in periodical instalments, the court shall fix, at the time of approval, the proportion of each instalment to be paid on account of legal services and disbursements."

Appellant insists that this section of the statute, if properly construed, relates to attorney's liens, and does not place any restriction upon the right of attorneys to contract for compensation in such cases, and, if it is

construed to affect the right to contract for compensation, that it would be unconstitutional, as interfering with the right to contract.

A careful examination of the statute quoted shows that it relates to claims or agreements for legal services and disbursements, as well as to liens for attorney's fees, in actions or claims arising under the workmen's compensation act. By omitting the parts of the first sentence of the statute which relate to attorney's lien, the section would read: "No claim or agreement for legal services or disbursements in support of any demand made or suit brought under the provisions of this article shall be an enforceable lien * * * or be valid or binding in any other respect, unless the same be approved in writing by the judge presiding at the trial, or, in case. of settlement without trial, by the judge of the district court, of the district in which such issue arose. It seems too plain to admit of argument that the legislature intended to restrict and limit the amount an attorney could lawfully charge or contract for as compensation for legal services or disbursements, in demands or suits arising under the workmen's compensation act, to such fee or sum as should be approved in writing by the district judge. It necessarily follows that an attorney cannot enforce against a claimant for compensation any claim or agreement for attorney's fees, in a suit or demand brought under the provisions of the compensation act for an amount in excess of that which is approved by the district judge.

3. Appellant argues that the statute, if construed to regulate or restrict the right to contract between attorney and client for fees for legal services, is in violation of the provisions of the federal Constitution which guarantee "rights in property," due process of law, and equal protection of the law. These constitutional provisions are intended to, and do, guarantee the right to make and enforce contracts as property rights, but the right to make and enforce contracts may be restricted

Dysart v. Yeiser.

and is subject to such limitations as the state, in the proper exercise of its police power, may impose. That is to say, it is subject to reasonable restraint and regulation in the interest of the public welfare. Laws regulating the rate of interest, commonly called usury laws; federal statute fixing the amount that may be charged for attorney's fees in pension claims; limiting the charges of railroads for carrying passengers or freight; limitation upon the employment of women and children as to the hours of service and limitation upon the hours of service of adults in certain hazardous occupations; limitations upon the right to sell intoxicating liquors, explosives, firearms, poisons and deleterious drugs, and many others might be mentioned as an exercise of this power. Even in the workmen's compensation act under consideration, the law requires the compensation to be paid in periodical sums, and not in lump sum, except when authorized by the court. The question is as to whether the regulation is reasonable and is in the interest of the public welfare. If so, it does not conflict with the constitutional provisions. It is a matter of general knowledge that a large percentage of the persons who come under the workmen's compensation act are not possessed of large means, but are dependent upon their earnings for the support of themselves and families. If the earning power of the bread-winner is destroyed or greatly impaired by an injury, he must look to the compensation provided by the statute for the support of himself and family, and, if this compensation may be depleted by an improvident or unreasonable contract for legal services, he and his dependents are likely to become public charges. It is in their interest, and the interest of the public as well, that they should be protected from contracts or charges for attorney's fees that are not reasonable. The statute does not fix an arbitrary charge, but leaves the amount to be determined and fixed by the judge. It will not be presumed that the judge will refuse to make a reasonable

allowance or to approve a fair and just charge.

We hold that the statute is a proper exercise of the police power of the state, and is not repugnant to the provisions of the federal Constitution, guaranteeing rights in property, due process of law, and equal protection of the law.

4. Appellant contends that the district court is without jurisdiction to suspend an attorney from the practice of his profession. The precise question has been heretofore determined in this court, where it was held that the district court was vested with power to suspend an attorney from practice in that court, but that such order should be limited to suspension from practicing in the judicial district. *In re Disbarment Proceedings of Newby,* 76 Neb. 482.

It is but fair to appellant to say that he in good faith believed that said section 3031, when properly construed, did not limit the amount an attorney could lawfully charge or contract for as compensation for legal services or disbursements, as against a claimant for compensation in demands or suits arising under the workmen's compensation act, and his appeal to this court was largely for the purpose of having an interpretation of said section by the court of last resort.

While there is no error in the record, we think the order should be modified so as to permit appellant to comply with the order of the court within 20 days from the issuance of the mandate of this court before the sentence of suspension shall be effective.

As modified, the judgment of the district court is affirmed.                    AFFIRMED AS MODIFIED.