JAMES INGRAM ET AL., APPELLANTS, V. BANK OF COMMERCE OF LOUISVILLE, APPELLEE.

FILED NOVEMBER 18, 1925. No. 23221.

1. **Appeal: PLEADING: AMENDMENT.** Permission to amend a pleading is of no avail unless complied with; neither does it raise a presumption that the case proceeded to trial on the theory of the permissive amendment.

2. **Judgment: RES JUDICATA.** "In order that *res judicata* as a plea in bar to a subsequent action may avail, the latter must be upon the same claim or demand. If upon a different claim or demand, *res judicata* may avail as an estoppel only as to issues therein shown to have been actually determined." *Abrahams v. Studebaker Corporation*, 113 Neb. 721.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*D. O. Dwyer,* for appellants.

*C. A. Rawls,* contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

We heretofore rendered an opinion in this suit. Thereafter, a motion for rehearing was filed and hearing had thereon. This suit is one prosecuted by James Ingram and Fannie J. Ingram, husband and wife, parents of minor children, and owners of 40 acres of land in Cass county on which they reside and claim as a homestead, against the Bank of Commerce of Louisville, hereinafter called the bank, and C. D. Quinton, sheriff, seeking to enjoin Quinton as sheriff from selling such 40 acres under an execution issued on judgments in favor of the bank and against the Ingrams, aggregating $5,563.95, which judgments were rendered on the 11th day of April, 1921, in Custer county and thereafter transcripted to Cass county.

The petition alleges all facts necessary to be pleaded in support of the contention of plaintiff, to wit: That such 40 acres was, prior to the rendition of such judgments, and ever since has been, the homestead of plaintiffs and family, and of a value not exceeding $2,000, and exempt to them as a homestead under the laws of this state, and not subject to execution; that an execution has been levied on the 40 acres, sale advertised and, will be had unless prevented by the court; that plaintiffs have no adequate remedy at law. The prayer is that the homestead character of the 40 acres be determined, and the cloud upon the title created by such judgments be removed, and that defendant be enjoined from selling the same, and from having or claiming to have a lien on such land by reason of the judgments, and the right and title quieted in plaintiffs as their homestead.

Defendant for answer admits the rendition of the judgments, the issuance of the execution, levy thereof on the 40 acres as the land of plaintiffs, and that it will proceed to sell it unless enjoined, and denies each and every other allegation in the petition. It then pleads, as an estoppel to the claim of homestead, a previous judgment entered in the district court for Cass county in the case of Spence

v. Spence et al., No. 7166, in which it and these plaintiffs were parties.

Plaintiffs' reply denies that the homestead question was pleaded or in any manner determined or considered in Spence v. Spence, *supra,* and contains a denial as to the other allegations of the answer. Case tried to the court, judgment entered finding generally for defendant bank and in its favor on its plea of estoppel, and that the southeast quarter of the northeast quarter of section 19, township 12, range 12 east, being the lands in question, is not the homestead of plaintiffs in this action, or either of them. From this judgment plaintiffs appeal.

The questions for our determination are: Does the evidence sustain the contention of plaintiffs that the described land is the homestead of the plaintiff, and was prior to the rendition of the judgments, and, as such, exempt to them and has ever since so remained? Was the question of such homestead in issue in the case of Spence v. Spence, *supra,* and there determined against plaintiffs?

The evidence clearly and beyond question sustains each and every allegation in plaintiffs' petition as to the ownership, possession and occupancy of the tract as the homestead of the plaintiffs, since sometime prior to the rendition of the judgments in question, and up to the time of the trial forming the basis of this appeal, and the trial court erred in not so finding and entering judgment. The evidence further shows that the value of such tract together with the improvements thereon does not exceed $2,000, and the plaintiffs are entitled to judgment as in their petition prayed. While on this point there was one witness who testified that the value of the land was $100 an acre, he did not, like the witnesses sworn on the part of plaintiffs who placed the value at $50 an acre, show himself closely acquainted with the true nature of the soil, lay of the land, its fitness for farming purposes or productiveness; and, while the trial court must have inclined to his view, we are constrained to the contrary, and so find.

This brings us to the plea of former adjudication of the homestead question, interposed as an estoppel. The record discloses that plaintiff Fannie J. Ingram, four brothers and one sister, each inherited an undivided one-sixth interest in a 240-acre tract of land in Cass county. On or about November 2, 1920, an amicable partition was effected by and between the parties by the exchange of quitclaim deeds, each thereby becoming the sole owner of 40 acres, and plaintiff Fannie J. Ingram becoming the sole owner of the 40 acres before mentioned. On or about August 2, 1921, one of the heirs brought an action to set aside the amicable partition, alleging in substance, among other things, that the exchange of deeds was made on the assumption that the title of Fannie J. Ingram to the undivided one-sixth interest in the 240 acres was unincumbered, whereas in fact it was incumbered. He made all of his former cotenants in common, their husbands and wives, and the bank, defendant herein, parties defendant. Plaintiffs herein and defendant bank joined issue by answer and cross-petition, respectively. The question of homestead was not raised by the pleadings, but defendant insists that it was brought into the case and adjudicated by reason of the following, which was not made a matter of record, but is before us as evidence introduced from the reporter's notes: "Mr. Tidd (attorney for Ingrams) : 'I would like to ask if the court is going to hold that these deeds are valid.' The court: 'On this evidence I would do so.' Mr. Tidd: 'I want to amend my petition, and allege a homestead.' The court: 'You may do so.' Mr. Rawls (attorney for the bank) : 'Of course, I will ask permission to amend mine, then.' The court: 'You may make an issue of that, then.' " The record does not show that an amendment was made or had. An amendment will not be presumed merely from the fact that leave to amend is asked and granted, even if such leave is spread upon the court's record, which was not done in this case. 31 Cyc 387; *Lohrfink v. Still,* 10 Md. 530; *Briggs v. Bruce,* 9 Colo. 282; *Pooler v. Southwick,* 126 Ill. App. 264. We are strengthened in our conclusion that no amendment was had, either

in fact or in theory, by a consideration of the decree. No finding of fact was made by the court on the homestead question, nor does the word "homestead" find place in the decree. Neither does the court treat the 40 acres as a separate and distinct entity, but simply states that the bank's judgments are liens on plaintiff Fannie J. Ingram's one-sixth interest in the entire 240 acres and other lands, likewise inherited, including her one-sixth interest in the 40 acres involved herein. The court does not find the value of this 40 acres, nor of any part of the tract, and neither does it affirm or deny the amicable partition. The decree as between these parties simply responds to the issue whether the married woman's act, set up as a defense by Fannie J. Ingram, prevents the judgment for $4,513.35 from being enforced against her property, she being simply a surety on the note forming the basis of such judgment. The evidence in that case relied upon by defendant bank to sustain its contention that the parties proceeded with the trial on the theory of the permissive amendment was equally applicable to the issues joined relative to the amicable partition between plaintiff in that suit and the Ingrams, defendants therein. Furthermore, the record does not disclose whether such evidence was offered and received prior to the leave to amend, or afterwards. But, if received afterwards, it is not sufficient to sustain defendant's contention that the parties proceeded on the theory that the pleadings had been amended so as to include the homestead issue.

It is clear that neither the plea in bar nor the estoppel apply to the facts in this case, and as we said in *Abrahams v. Studebaker Corporation*, 113 Neb. 721: "In order that *res judicata* as a plea in bar to a subsequent action may avail, the latter must be upon the same claim or demand. If upon a different claim or demand, *res judicata* may avail as an estoppel only as to issues therein shown to have been actually determined."

Our former opinion is withdrawn, judgment of the dis-

trict court reversed and set aside, and defendants enjoined as prayed.

REVERSED.

Good, J., dissents.