WALTON ARNER V. SIOUX COUNTY, APPELLEE: SIDNER & THOMAS, APPELLANTS.

FILED JANUARY 24, 1928. No. 26208.

*V. N. Thomas* and *Courtright, Sidner, Lee & Gunderson,* for appellants.

*A. S. Schnurr* and *J. E. Porter, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

HOWELL, J.

This is an appeal from an order of the district court for Sioux county, (a) vacating and setting aside an order made by the late Judge Westover, on November 25, 1925, at cham-

bers, approving attorney fees in a compensation proceeding, and (b) adjudging that the appellants have no attorneys' lien upon the judgment in favor of the claimant. Appellants were attorneys for claimant. They also claim to have acted as attorneys for appellee, Dr. Ivins, in support of the allowance of $850 for surgical fees by the compensation commissioner.

We are first met with a motion to dismiss the appeal because the claimant, Arner, is not made a party in this court. The record shows he has assigned the $850 to Dr. Ivins and that Arner has no interest in this litigation. The motion to dismiss is denied.

It appears that on May 15, 1925, the district court for Sioux county gave judgment in a compensation case in favor of Arner for $850 for surgical expenses, and that Dr. Ivins performed the services for which the award was made. This court, on appeal, affirmed that award, and on December 16, 1925, appellants served notice of their attorneys' lien upon attorneys for the county of Sioux, claiming 25 per cent. of the above amount. On November 27, 1925, Judge Westover, by written order, approved the attorney fees for $212.50, which order was filed with the clerk of the court on December 1, 1925. Some time within 30 days prior to February 20, 1926, the sheriff of Sioux county served a notice of the claimed lien upon the county commissioners, made his return thereon, and the same was filed in the office of the clerk of the district court on the date stated. That notice recited the approval of the fee by Judge Westover. On December 19, 1925, Arner assigned the $850 in question to Dr. Ivins, which assignment was filed with the clerk of the court on January 4, 1926.

It will thus be seen that the acceptance by the attorneys for the county of appellants' notice of their lien, the approval of the fee by Judge Westover, and the assignment by Arner to Dr. Ivins gave to appellants, at least *prima facie*, a claim on the judgment in favor of Arner antedating the assignment. The grounds alleged by appellee for the vacation of the Westover order are: (1) It was made

at chambers without jurisdiction. (2) The order was entered without notice to Dr. Ivins. (3) Dr. Ivins had no day in court. (4) Dr. Ivins has a defense to the claim of appellants for attorney fees.

The trial court vacated the order of November 27, 1925, because, undoubtedly, it was made at chambers.

The three grounds first stated are untenable, the reason being that the act of approving the fee was nonjudicial. The law does not require notice as a condition precedent to the approval of fees "by the judge presiding at the trial." See section 3031, Comp. St. 1922. The purpose of that section is to prevent the filing of liens for exorbitant attorney fees. Its provisions are remedial and subject to liberal, but fair, construction. That section further provides that "after such approval, if notice in writing be given the defendant of such claim for legal services," the same "shall be a lien," etc.

The fourth ground referred to is that Dr. Ivins has a valid defense to appellants' claim. The decree appealed from provides: "This order is entered without prejudice to or deciding any cause of action which said Thomas & Sidner or V. N. Thomas may have, if any, against R. L. Ivins in a proper action." The fourth ground is fully met by that provision.

It follows that the trial court erred in setting aside the approval of the fee by Judge Westover, and in canceling the attorneys' lien. It seems that if one question is left open for litigation between the appellants and appellee as to the right of the appellants to recover at all, the question of the validity of the lien ought to be referred to the same fate, unhampered by an attempted cancelation of Judge Westover's approval of the fee, for without such approval there could be no lien.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss the application of appellee to vacate and to set aside the order made by Judge Westover November 27, 1925, subject to the right of the parties hereto to litigate their differences in proper

proceedings. The costs in both the district and supreme courts are taxed to the appellee, R. L. Ivins.

REVERSED.