On May 20th, 1932, a final decree was entered in the above entitled cause wherein, among other things, it was "ordered, adjudged and decreed that the defendant Journal Square Bank Building Company, pay to the complainant herein, the costs of this suit to be taxed, including therein a counsel fee of $350.00/100 which is hereby allowed, and that execution *Page 511 
issue therefor according to the practice of this court." Said defendant appealed from said decree. The appeal was dismissed and the decree of the court of chancery affirmed in all respects.Remittitur was duly entered. About two months after the entry of the remittitur the petition in the matter sub judice was filed. The petitioner prays that an order be made herein modifying such part of the final decree as is quoted hereinabove, and that in lieu thereof it may be ordered, adjudged and decreed that Benjamin Klein, personally pay to the complainant herein as receiver the taxed costs including the counsel fee aforesaid, and that execution therefor issue against the said Benjamin Klein, personally; also that an order be made perpetually restraining the complainant, his solicitors, agents and servants from issuing any execution in the above entitled cause against the petitioner or making any levy under any execution, or if levy has been made, from further proceeding with said levy, and for such other and further relief as may be equitable and just. I am of the opinion that the court of chancery is without authority to grant the order prayed for by the petitioner in the matter sub judice. I am furthermore of the opinion that inasmuch as the petitioner, who was the appellant before the court of errors and appeals, did not prosecute its appeal, and that the decree of the court of chancery was affirmed in all respects by the court of errors and appeals, the appellant (petitioner herein) waived whatever grievance it may have considered it had. In my judgment the court of chancery has no authority in the premises other than to observe the mandate of the court of errors and appeals predicated upon its remittitur, which, as appears from a reading thereof, is very specific. Furthermore, it is urged by Messrs. Wright, Vander Burgh McCarthy, who acted as solicitors and counsel for the complainant in this court, and for said complainant as appellee in the court of errors and appeals, that they have a vested property right in the costs and counsel fee in question, in that such belong to them, and not to the complainant, Benjamin Klein, as receiver for Summit Sweets Shoppe, Incorporated. I am of the opinion that such is the fact. The counsel fee of $350 *Page 512 
was by the decree included in the taxed costs and as part thereof. In Columbia Insurance Co. v. Artale, 112 N.J. Eq. 505,
Vice-Chancellor Backes held that while taxed costs are awarded to a client, they belong to the attorney.
I will advise an order denying the prayer of the petitioner herein.