Joe Solomon, Appellee, v. A. W. Farney, Inc., Appellant.

Filed February 28, 1936. No. 29745.

*Story & Thomas,* for appellant.

*W. G. Kieck* and *Clifford L. Rein, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Eberly, J.

This is an action under the Nebraska compensation act brought by an injured employee, Joe Solomon, against A. W. Farney, Inc., the employer. There was a finding and judgment against the employer both before the compensation commissioner and upon appeal in the district court for Cass county. The determination was that, "as a result of said accident and injuries, the plaintiff has been ever since the date thereof and still is permanently and totally disabled." At the bar of this court, the employer, seeking a review, makes three contentions, viz.: (1) That the courts of Nebraska are without jurisdiction over the subject-matter of the action; (2) that the judgment is excessive; and (3) that the allowance of a $60 physician's fee is improper.

It is admitted that the employer is a Delaware corporation, having its principal place of business at Kansas City, Missouri. It appears that the place of contracting the work upon which the plaintiff was injured is located at Bridge Switch, Iowa; and that the formal contract of employment of the plaintiff by the defendant was entered into in the state of Iowa.

On this subject the plaintiff testifies as follows: "Q. Where were you employed? A. I got my card from the reemployment office here (Nebraska) and went across (to

Iowa) and registered with them. Q. That is where you were employed? A. Yes, sir."

But it is established that on or about December 4, 1934, plaintiff was in the employ of the defendant as a "lumber jack" and common laborer in Cass county, Nebraska, and while so employed on said date and while engaged in the performance of his duties in the course of the regular business of the defendant, the plaintiff sustained personal injuries in an accident arising out of and in the course of his aforesaid employment when he slipped and fell while carrying lumber and strained his abdomen in such a manner as to cause a double inguinal traumatic hernia; further, that as a result of said accident and injuries the plaintiff has been ever since the date thereof and still is permanently and totally disabled.

While the uncontradicted evidence is that plaintiff was in defendant's employ for more than thirteen months, there is no affirmative evidence in the record that any part of plaintiff's services was performed in the state of Iowa. Under the facts established, there is no evidence which negatives the conclusion that the industry in which the plaintiff was employed at the time he received his injuries had its situs for the purpose of the workmen's compensation law at any other place save in Nebraska. The laws of the state last referred to on this subject are therefore controlling in this case, and their effect may not be modified by the contracts of the parties in derogation thereof.

The character and extent of plaintiff's injuries are not in serious controversy. A careful reading and evaluation of the evidence in the record, on the subject of compensation received, sustains the conclusion that at the time of said accident and injuries plaintiff's wages were $15 a week and sufficient to entitle him to compensation at the rate of $10 a week for the first 300 weeks following the accident and $6.75 a week after the first 300 weeks for the remainder of plaintiff's life; that the plaintiff has been paid compensation by the defendant at the rate of $8.65 a week for a period of 12 weeks immediately following the date of said accident

and injuries; that there is due plaintiff for this period the sum of $1.35 a week, being the difference between the amount a week to which the plaintiff was entitled and the amount he received; and that the judgment rendered for these amounts in the district court for Cass county is not excessive.

The third contested proposition is the allowance of a claim to Dr. Smith for services rendered the plaintiff. Defendant contends that a charge for medical examination by a physician who appears as a witness for the employee is not a proper charge under the Nebraska compensation law, and cites section 48-120, Comp. St. 1929, in support of such contention.

It is true that, under the statutory provision referred to, this court has determined: "An employer who offers to furnish without charge to an injured employee the reasonable services of a competent physician and medicines as and when needed, and within the value and for the time contemplated by the act, cannot be held liable for such services procured by such employee, who has unreasonably refused such offer by the employer and has obtained such services and medicines elsewhere." *Radil v. Morris & Co.*, 103 Neb. 84, 170 N. W. 363.

The instant case was tried in the district court for Cass county on August 13, 1935. At that time, under the provisions of chapter 57, Laws 1935, enacted with an emergency clause and approved May 25, 1935, section 48-120, Comp. St. 1929, had been repealed, and reenacted in connection with section 6 and other provisions of the new law.

In this connection, Dr. Smith was allowed a fee of $60 for services as a physician rendered to plaintiff after the hearing of this case by the compensation commissioner and before the trial thereof in the district court on appeal. However, the evidence sustains the conclusion that the amount due Dr. Smith was incurred in order to determine whether another surgical operation on plaintiff, as demanded by defendant after rendition of the award by the compensation commissioner, would be reasonably safe and

beneficial to plaintiff. It is also apparent that the demanded surgical operation was unnecessary and dangerous, and that in view of defendant's demands Dr. Smith's services were reasonable and necessary, and his testimony thereafter adduced was essential to properly advise the district court of the facts in issue.

Expressly negativing any attempt to construe the provisions of the law of 1935, and without reference thereto, in view of the theory upon which the present case was tried and submitted, this court now determines that no error was committed by the trial court in its allowance of the claim of Dr. Smith.

It appearing, therefore, in this trial *de novo* that the judgment of the trial court in this case is, in all respects, supported by the evidence (and that the record discloses no reason for its modification or setting aside on appeal as contemplated by section 13, ch. 57, Laws 1935), the same is in all things affirmed, and a fee for plaintiff's attorney is allowed and taxed in the sum of $100.

AFFIRMED.