JOE SOLOMON, APPELLANT, V. A. W. FARNEY, INC., ET AL., APPELLEES.

286 N. W. 254

FILED MAY 26, 1939.  No. 30548.

*D. O. Dwyer* and *W. L. Dwyer*, for appellant.

*Clifford L. Rein* and *Homer L. Kyle*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This proceeding, according to the præcipe filed in this court, is "an appeal from a judgment rendered on the 25th day of July, 1938, in a certain cause in the district court of Cass county, wherein Joe Solomon is plaintiff and A. W. Farney, Inc., Lora A. Kieck, Clifford L. Rein and Homer L. Kyle are defendants."

The "certain cause" thus referred to, in turn, arises out of, and constitutes a part of, an action prosecuted by appellant under the Nebraska workmen's compensation act wherein, on appeal from the award of the compensation commissioner, a judgment was entered on August 26, 1935, in favor of the appellant and against the defendant A. W. Farney, Inc., in which the trial court specifically provided

that "all of the costs of this action including the sum of $250 for the fees in this court of the plaintiff's attorneys, W. G. Kieck and Clifford L. Rein, be and the same hereby are taxed to the defendant A. W. Farney, Inc." In an appeal prosecuted by the defendant, A. W. Farney, Inc., from the judgment so entered to the supreme court of Nebraska, the judgment appealed from was, in all things, affirmed, and the cause was remanded to the district court for Cass county for further proceedings in harmony with such affirmance, and it was further provided: "A fee for plaintiff's attorney is allowed and taxed in the sum of $100." *Solomon v. A. W. Farney, Inc.*, 130 Neb. 484, 265 N. W. 724. The mandate of this court, after denial of defendant's motion for a rehearing, was transmitted to the clerk of the district court for Cass county, and by him filed in said cause and recorded in the records of that court on April 7, 1936.

It also appears that the original bill of exceptions as settled and allowed by the then judge of the district court for Cass county on November 22, 1935, for the purposes of the appeal thus taken, was also returned to the district court for Cass county.

The certified copy of the appearance docket of the district court for Cass county, one of the record books required to be kept by its clerk (Comp. St. 1929, secs. 20-2209, 20-2210), containing the official records of the payments made into court in satisfaction of this judgment by the Maryland Casualty Company, the insurance carrier, and of the disposition thereof by the clerk of the district court, includes the following, viz.:

"Apr. 8, 1936. Received of Maryland Casualty Company $596 20 adjustment of compensation paid from 12-3-34 to 2-25-35 and in payment of compensation for the period from 2-26-35 to 4-6-36 in partial payment of judgment. C. E. Ledgway, Clerk.

"Apr. 11, 1936. Received of Maryland Casualty Company $386.57 Judgment and costs.

| Atty. fees in Dist. Court | $250.00 |
| " " " Supreme " | 100.00 |
| Costs due appellee | 23.20 |
| Allowance to pltff for reimbursement | 13.37 |

$386.57

C. E. Ledgway, Clerk."

On April 11, 1936, there was paid to W. G. Kieck, attorney, for attorney fees as theretofore allowed and taxed, $350; to Clifford L. Rein, for court costs advanced, $23.20; to Joe Solomon $13.37, for plaintiff's reimbursement.

The record contains a copy of the written contract of employment of Kieck and Rein as attorneys to conduct the present litigation. By it, Solomon agreed to pay these attorneys "twenty-five per cent. (25%) of whatever amount is recovered and in the event that nothing is recovered then the parties of the second part (such employed attorneys) receive nothing for their services." This contract was duly submitted to, and on the 18th day of April, 1936, approved in writing by, the district judge presiding at the trial of plaintiff's case. Its validity is not herein questioned, though there was no formal notice served upon Solomon of the presentation of the application upon which it was approved.

This order of approval, dated April 18, 1936, was in form regularly made and entered on that day "at chambers in Nebraska City, Nebraska, in the second judicial district of Nebraska, wherein the district court of Cass county, Nebraska, is regularly had and holden," and under the title and as part of the case as originally commenced by Solomon. It was on that day also filed, and in the form of a journal entry spread upon the records of that court. In addition, to the approval of the attorneys' contract of employment, it was further made a part of the order that such contract "is * * * declared and ordered to be a lien upon all payments of compensation herein ordered to be made by the defendant (A. W. Farney, Inc.) to the clerk

of the district court of Cass county, Nebraska, for the bene-
fit of the plaintiff (Solomon)." Such clerk was further
"ordered to pay to Clifford L. Rein and W. G. Kieck, attor-
neys, * * * 25% of the amount of each of said instalments
or payments of compensation on account of their contract
and lien as herein approved for attorneys' services." No
references were contained in this order of approval as to
the $350 attorneys' fees theretofore duly taxed in this
proceeding by the district and supreme courts, and which
had been on the 11th day of April immediately preceding
paid over to W. G. Kieck, one of the attorneys employed
in the cause. This order of approval also contained the
further direction that the clerk of the district court "out of
the compensation moneys, * * * before making any other
distribution of said moneys, shall first pay to Clifford L.
Rein for disbursements made by him in the above entitled
cause in behalf of the plaintiff, Joe Solomon, the sum of
$125, compounded of the following items: * * * April 11,
1936, to Dr. A. L. Smith for travel and expert testimony,
$100."

Contemporaneous entries made by the clerk of the dis-
trict court in the records of this case disclose the following
payments by him out of the $596.20 paid in by the insur-
ance carrier on April 8, 1936, viz.: On April 18, 1936: To
Clifford L. Rein, by order of court, $125; to W. G. Kieck,
by order of court, $117.80; to Joe Solomon, by order of
court, $353.40.

While Solomon does not deny that he had knowledge of
the payment of the $596.20 into court by the insurance
carrier to apply on the judgment for compensation, and
that he had a dispute with his attorneys as to the proper
division thereof prior to the making of the order of April
18, 1936, heretofore referred to, he testifies that he had
never authorized the payment of Dr. Smith as a medical
expert witness, had no notice or knowledge of the presen-
tation of the claim pursuant to which this order was en-
tered, and now objects to the allowance of the same. It is
clear that with knowledge that $596.20 had been paid in,

he, on April 18, 1936, accepted $353.40, which was the amount remaining after the deductions ordered by the court had been made.

In addition, his testimony is, viz.: "Q. Mr. Solomon, at the time the attorneys filed your contract for approval in court were you notified? A. No. Q. Were you present in court when they had the hearing before Judge Livingston to approve your contract? A. I was here; yes. Q. Were you in court when Judge Livingston made his order? A. You mean for the last or first? Q. When he approved the contract? When he ordered them to pay? A. No; they went up there and got it signed in Nebraska City that day."

The record further discloses that commencing on the 28th day of April, 1936, and continuing regularly in each week thereafter, to and including the 5th day of July, 1938, there was paid to the clerk of the district court upon this judgment, by the insurance carrier, the sum of $10 a week. Of each of these sums, $7.50 was immediately transmitted to and received by Joe Solomon, and $2.50 was paid over to the attorneys, Rein and Kieck, or to their successors in interest, and the due acceptance of the respective parties receiving such payments is not questioned in this proceeding.

The record also discloses that on the 1st day of July, 1936, for a valuable cash consideration paid, defendant Homer L. Kyle received from Clifford L. Rein an assignment in writing of all of Rein's right, title and interest in and to the foregoing judgment, and since said date has been the *bona fide* owner thereof and entitled to the proceeds arising therefrom.

It also appears that attorney W. G. Kieck departed this life and that his widow, Lora A. Kieck, has succeeded to the share of W. G. Kieck in the weekly allowances of the attorneys' fees as provided by the approved contract for the same.

No objections were made to the procedure herein outlined, nor was the right of attorneys Rein and Kieck to receive the $350 attorneys' fees as allowed and taxed in

the district and supreme courts challenged, until on the 19th day of January, 1938. On the date last mentioned, Joe Solomon filed in said cause an application which was denominated a "Motion," the purpose of which was that "W. G. Kieck and Clifford L. Rein, or their assignees or heirs, shall be required to give credit to Joe Solomon, the plaintiff herein, in the sum of $365 on their contract, and shall direct the clerk of this court to withhold any further payments to the said attorneys or their assignees or heirs of the 25% contracted for, until the plaintiff shall have received the sum of $1,460, pursuant to the decree rendered in the above entitled action."

A hearing was had by the district court for Cass county on this "motion" on the 5th day of July, 1938, Honorable W. W. Wilson, the district judge thereof, presiding, and evidence was introduced by the parties, as shown solely by the bill of exceptions. At this hearing the plaintiff made an oral application for leave to amend the motion on file by adding thereto a claim for the repayment to plaintiff of the $100 paid to Dr. A. L. Smith for traveling expenses and expert testimony, for the reason that the order of April 18, 1936, directing and authorizing the same "was beyond the scope of the purpose of the motion" upon which that order was entered, which, over the objections of defendants, was granted by the court. However, the transcript discloses that no actual amendment to the pleading was made pursuant to the leave thus granted.

It may be said in passing that we are committed to the view that in civil actions, within the purview of our Civil Code, "Permission to amend a pleading is of no avail unless complied with." *Ingram v. Bank of Commerce,* 114 Neb. 64, 206 N. W. 5. And, "The court will not examine the bill of exceptions to determine issues upon which the case was tried." *Haarmann Vinegar & Pickle Co. v. Douglas County,* 122 Neb. 643, 241 N. W. 117.

On July 25, 1938, after having taken the cause under advisement, an order was entered in the district court for Cass county overruling "said motion and the amendment thereto."

No motion for a new trial was filed in the district court by the plaintiff, the specifications in his notice of appeal filed August 3, 1938, being that he is appealing "from the judgment of the court overruling his motion as amended, to require an accounting for attorney fees allowed by the court and apply same on the contract approved by the court in this action."

The determination of the issues thus presented involve the construction and interpretation of the following statutory provisions embodied in section 48-108, Comp. St. 1929, viz.:

"No claim or agreement for legal services or disbursements in support of any demand made or suit brought under the provisions of this article (workmen's compensation law) shall be an enforceable lien against the amounts to be paid as damages or compensation or be valid or binding in any other respect, unless the same be approved in writing by the judge presiding at the trial, or, in case of settlement without trial, by the judge of the district court of the district in which such issue arose."

This provision constitutes a condition precedent created by the state in the exercise of its police power and by it deemed proper and necessary to safeguard the interests of a class for whose benefit the Nebraska workmen's compensation act was enacted. *Dysart v. Yeiser,* 110 Neb. 65, 192 N. W. 953; *Yeiser v. Dysart,* 267 U. S. 540, 45 S. Ct. 399.

The procedure indicated therein may be summary, and may not amount to a suit in equity or an action at law. But substantial compliance therewith secures a determination of the validity of "a claim or agreement for legal services or disbursements" made binding upon all parties to the litigation.

"Notice to a claimant in compensation proceedings is not a condition precedent to the approval of attorney fees by the judge presiding at the trial," which "is a nonjudicial act which may be done anywhere within his district." *Arner v. Sioux County,* 116 Neb. 394, 217 N. W. 603.

The terms and restrictions in this provision quoted, as

applied to those who by their own election submit to the terms of the compensation statute, of which it is a part, and secure relief under provisions of that statute, may not be successfully challenged as invalid because lacking "due process" or as an unconstitutional exercise of judicial power. *Dysart v. Yeiser, supra; Yeiser v. Dysart, supra; Mackin v. Detroit-Timkin Axle Co.,* 187 Mich. 8, 153 N. W. 49; *May v. Charles Hoertz & Son,* 204 Mich. 432, 170 N. W. 305; *Hawkins v. Bleakley,* 220 Fed. 378; *Cunningham v. Northwestern Improvement Co.,* 44 Mont. 180, 119 Pac. 554.

In the construction and interpretation of section 48-108, Comp. St. 1929, this court is committed to the view, viz.:

"The statute does not fix an arbitrary charge, but leaves the amount to be determined and fixed by the judge. It will not be presumed that the judge will refuse to make a reasonable allowance or to approve a fair and just charge." *Dysart v. Yeiser,* 110 Neb. 65, 192 N. W. 953.

The pleading of appellant in the trial court entitled and filed in the original case, which evidences his claim for relief in the instant proceeding, contains no charge of fraud on the part of the attorneys who are now asked to account for $350 in fees as received by them from the officers of the court; nor is it alleged that the sums thus paid them, and to which they are entitled by order of the judge who presided at the original trial, are of such amounts as to constitute excessive or unconscionable charges. His claim is that he is the actual owner of the $350 taxed as fees, and the direction to pay his attorney $100 advanced by the latter to Dr. A. L. Smith as an expert witness was beyond the power of the court or judge to order.

Preliminary to the consideration of these questions argued at the bar of this court, it will be noted that the subject-matter involved in the present proceeding is a part of, and so related to, the original proceedings had in the determination of the amount of compensation due plaintiff that there is applicable thereto the following rule, viz.: "In a case on trial in any court its records are actually or constructively before the judge. He will therefore take judicial

notice of them and the facts which they establish." 23 C. J.
110. This includes payment of money into court which is
entered as of record by the clerk. 23 C. J. 109.

"A court takes notice of the record in the pending case,
of all the pleadings filed therein and the proceedings there-
tofore taken. * * * This is a duty of the court which must
be performed without any request from the parties. A
court must take judicial notice of its own official acts in
the progress of the case pending before it, and may act
upon its personal knowledge of such matters." 7 Encyclo-
pedia of Evidence, 999. See, also, *State v. Boyd,* 34 Neb.
435, 51 N. W. 964; *Stewart v. Rosengren,* 66 Neb. 445, 92
N. W. 586.

The appellant, so far as his claim to the $350 attorney
fees in controversy is concerned, predicates his right of
action on the provision of section 48-125, Comp. St. 1929,
as it existed prior to the amendment of 1935, for the reason
that, as stated in his brief, it was "in effect at the time
of the institution of this action." But this section was
amended by section 20, ch. 57, Laws 1935, which was passed
with an emergency clause and approved May 25, 1935. The
effect of the amendment was to authorize the allowance,
upon conditions set forth, of a reasonable attorney's fee in
trials of workmen's compensation cases in the district and
supreme courts and to require that the same "be taxed as
costs against the employer." While, in determining the
effect of substantive provisions of the workmen's compen-
sation act, it should be construed as it was at the time of
the injury, yet "Amendments to the compensation acts
which affect the procedure only, and in no way interfere
with the substantial rights of the parties, are retroactive in
their operation and apply to cases which arose prior to the
amendment." 2 Schneider, Workmen's Compensation Law
(2d ed.) 2139, sec. 577.

In *Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co.,* 98
Neb. 863, 155 N. W. 235, there was before the court the
question whether in a suit upon an insurance policy issued
and in force prior to the passage and approval of chapter

234, Laws 1913, such policy was subject to the provisions thereof requiring that in an action thereon the court in rendering judgment for a plaintiff therein shall allow him "a reasonable sum as an attorney's fees, in addition to the amount of his recovery, to be taxed as part of the costs." This court answered: "In such case it has been determined in this state that attorney's fees to be so taxed as costs relate only to the remedy, and are to be so taxed without regard to whether the contract sued upon was entered into before or after the enactment of the statute." See, also, *Ward v. Bankers Life Co.*, 99 Neb. 812, 157 N. W. 1017; *Reed v. American Bonding Co.*, 102 Neb. 113, 166 N. W. 196.

This principle is equally applicable to workmen's compensation cases. "In a proceeding under the workmen's compensation act the allowance of a reasonable attorney's fee in the district court affects the remedy only and may be taxed as an item of costs, though the injury for which compensation is allowed occurred before the legislature authorized such a fee." *Western Newspaper Union v. Dee*, 108 Neb. 303, 187 N. W. 919.

"It is also well settled that the recovery of costs is governed by the statute in force at the time the right to have them taxed accrued. In other words, the right to costs depends upon the statutes in force at the termination of the action, and not upon those in force when it was commenced." 5 Standard Ency. of Procedure, 796.

The conclusion is that the statute in force when attorney's fees are properly and timely allowed and taxed in the district and supreme courts controls, and not the statute in force when proceedings are commenced before the compensation commissioner or the compensation court.

The authorities just cited not only determine the applicable statutes, but also are in point as to the incidents and inherent nature of attorney fees taxed as costs.

In the early case of *Rich v. Stretch* (1875) 4 Neb. 186, an action upon a promissory note which, in view of the terms of the instrument in suit and the statute, empowered the trial court to tax an attorney's fee, this court said in

part: "In cases like this, the court is authorized, in its discretion, to allow such fee, not exceeding ten per cent. on the amount of the recovery, but if such an allowance is made, the record should show the fact, and it should be kept entirely distinct from the judgment proper. It is considered in the nature of costs, and should be treated as such."

In 1877 the rule was announced, viz.: "When the instrument sued on provides for an attorney's fee, the allowance of the fee is no part of the judgment for the debt itself, but it is taxed as costs, and is subject to exceptions and review in like manner as the taxation of other costs may be." *Hendrix v. Rieman*, 6 Neb. 516. Since that early day the rule has continued unchanged. *Wirtele v. Grand Lodge, A. O. U. W.*, 111 Neb. 302, 196 N. W. 510; *Southern Surety Co. v. Parmely*, 121 Neb. 146, 236 N. W. 178.

Allowed and taxed only as "costs," attorney fees, so considered as no part of the judgment recovered, are within the rule, viz.: "In such case, a motion for an order to the clerk to tax costs does not require the opening or modification of the judgment, and the court has jurisdiction to act upon the motion at a subsequent term of court from that at which the judgment was rendered." *Barkley v. Pool*, 105 Neb. 203, 180 N. W. 77.

See, also, *Allen v. Tallon*, 120 Neb. 611, 234 N. W. 411, wherein this court employed this language, viz.: "In such a case, the attorney's fees are to be taxed as costs in addition to the amount of the recovery." Further, "They constitute no part of the judgment."

It is obvious that the use of the words "whatever amount is recovered," as employed in the contract of hiring to measure the compensation of the attorneys retained, limits the same to the sum which the employee is entitled to receive under the terms of the obligation enforced. It necessarily excludes costs, whether taxed for witnesses or court officers, of which attorneys at law constitute a class. While costs, properly taxed, are enforceable by the pre-

vailing party in a civil proceeding against the judgment debtor by process issued in his own name, still such costs are the property of such persons for whose benefit they are primarily allowed and taxed. Comp. St. 1929, secs. 20-1581, 33-108.

They may be enforced, as such, by a fee bill issued by the clerk of the district court (Comp. St. 1929, sec. 33-108), or by a civil action prosecuted by the person actually entitled to the same, as a primary liability, though he be not a party to the action in which made and taxed, and without regard to whom may be ultimately liable therefor. *Sechler & Brotherton v. Stark,* 12 Neb. 242, 11 N. W. 320; *Hoysradt v. Delaware, L. & W. R.,* 182 Fed. 880; *Aiken v. Smith,* 57 Fed. 423; *Crook v. Tull,* 111 Mo. 283, 20 S. W. 8.

While attorney fees are allowed and awarded to the client, they actually belong to the attorney. *Klein v. Journal Square Bank Bldg. Co.,* 114 N. J. Eq. 510, 169 Atl. 827; *Columbia Ins. Co. v. Artale,* 112 N. J. Eq. 505, 164 Atl. 864; *Scharlock v. Oland,* 1 Rich. (S. Car.) 207.

The conclusion is, therefore, that the sum of $350 originally allowed by court orders as attorneys' fees for plaintiff's attorneys, and as such taxed as costs, was at all times the property of the latter. *Lincoln Gas & Electric Light Co. v. Watkins,* 113 Neb. 619, 204 N. W. 391.

The terms of the order of April 18, 1936, pertaining to attorney fees and disbursements, hereinbefore referred to, and made by the "judge presiding at the trial," in the light of the facts disclosed by the present record, clearly evidence the intent of the maker thereof that the $350, so allowed and taxed, should be considered as in addition to, and not as included in, the 25 per cent. of the amount recovered, approved by such judge.

Appellant lastly insists that the district court was without power, in its order of approval of April 18, 1936, to direct the payment of $100 out of the sum paid into court in partial satisfaction of the judgment for his compensation therein entered to his attorney in reimbursement of an expenditure by such attorney of a like sum to secure the

presence and testimony of an expert medical witness whose evidence was heard by the district judge presiding at the trial, and of whose direction in writing appellant now complains. The challenge is based upon the ground that the questioned expenditure was made by such attorney without previous notice to, knowledge of, or authority from, appellant, and the direction for reimbursement was likewise made without previous notice to plaintiff and is wholly unsupported by written pleadings. He does not challenge the fact that the advancement was actually made by the attorney, nor the reasonableness of the charges thus satisfied. He contends that in the instant case there was no written pleadings upon which the questioned allowance could be supported; that therefore the court acted without jurisdiction, and its determination and direction were mere nullities and may be collaterally attacked. He cites in support of this proposition, *Clemons v. Heelan,* 52 Neb. 287, 72 N W. 270; *Domann v. Domann,* 114 Neb. 563, 208 N. W. 669; *Banking House of A. Castetter v. Dukes,* 70 Neb. 648, 97 N. W. 805. These cases were, respectively, proceedings prosecuted to recover, (a) certain real estate, (b) to set aside a certain deed of conveyance of real estate, and (c) to recover certain rentals for real estate occupied. They were all "civil actions," in the prosecution of which the compliance with our Civil Code is obligatory.

The Nebraska employers' liability act is to be construed liberally and, so far as possible, to avoid technical forms of court procedure. *Perry v. Huffman Automobile Co.,* 104 Neb. 211, 175 N. W. 1021; *Stoica v. Swift & Co.,* 100 Neb. 434, 160 N. W. 964; *Tragas v. Cudahy Packing Co.,* 110 Neb. 329, 193 N. W. 742.

However, we are here concerned, not with a "civil action" as defined by the Code, but with the performance of a nonjudicial act prescribed by section 48-108, Comp. St. 1929. This section provides for the approval in writing in compensation cases by the "judge presiding at the trial" of claims and agreements "for legal services or disbursements" made by attorneys in support of such suit, and for

their enforceability after such approval. The language of this section does not contemplate or require the use of formal pleadings or that the technical requirements of Code pleading be complied with. The power it creates is vested in a judge, as distinguished from a court. But it is true, of course, that "an act required to be performed by a judge may be lawfully performed by him sitting as a court." 33 C. J. 961.

The approval "in writing" was within the express limitation of the statute under consideration. Notice to a compensation claimant is not a condition precedent to approval of attorney fees and disbursements by the trial judge. *Arner v. Sioux County,* 116 Neb. 394, 217 N. W. 603. The judge "presiding at the trial," by his written approval and direction to pay this claim, evidenced the fact that he deemed the expert testimony, which was secured by the disbursement by the attorney, valuable and the expenditure reasonable.

"In the absence of a contract or custom to the contrary, the attorney may recover disbursements made by him which were usual and reasonably necessary to carry out his employment." Also, "Disbursements need not necessarily be expressly authorized by the client in order to be a proper charge against him." 7 C. J. S. 1046, sec. 180. See, also, *Forbes v. Chicago, R. I. & P. Ry. Co.,* 150 Ia. 177, 129 N. W. 810; *Barcus v. Gates,* 130 Fed. 364.

Therefore, it appears that plaintiff's attorney was entitled to the reimbursement approved and ordered.

It follows that the judgment of the trial court in overruling plaintiff's "motion" of January 19, 1938, and denying any relief whatever thereon is, upon the merits, in all respects correct, and it is

AFFIRMED.

JOHNSEN, J., dissenting.

I am sorry that I am unable to agree with the view of the majority in this case, but my conscience will not permit me to do so.

There can be no question, I think, that the provision in

the workmen's compensation act for attorneys' fees was not intended as a bonus for lawyers (who have never been the object of legislative bounty), but to benefit the injured workman. The only way it can be made to operate for the benefit of the plaintiff in this case is to require that the $350 attorneys' fees allowed by the courts be credited on the sum which his attorneys would otherwise be entitled to receive out of his compensation proceeds under their contract.

From a professional standpoint, I recognize that attorneys' fees cannot belong to the litigant, but this is only in the sense that he cannot claim them as such, and that no allowance can with propriety be made if there has been no attorney involved in the case, or if the attorney under his contract is obliged to surrender the fees to his client. But this certainly does not prevent the amount of an allowance actually received and retained by the attorney from being taken into account and credited on the sum which he would otherwise be entitled to claim under his contract. In a workmen's compensation case, under a contract such as that in this case, this necessarily must be so. No other view, in my opinion, will win public and sound professional acceptance.

CARTER, J., joins in the foregoing dissent.