REQUESTED BY: Senator Loran Schmit Member of the Legislature Room 1103 State Capitol Lincoln, Nebraska 68509
Dear Senator Schmit:
We have reviewed LB 608 in response to your March 20, 1985 letter asking for an opinion whether the retroactive provisions of the bill are unconstitutional.
The provisions in question would increase workmen's compensation benefits for persons injured prior to the effective date of the act. The most serious question arises with respect to the constitutional provision prohibiting the enactment of laws impairing the obligation of contracts, ArticleI, Section 16, Nebraska Constitution. Generally, the Nebraska Supreme Court has held that statutes may not operate retrospectively where they would impair obligations of contracts or interfere with vested rights. Travelers Insurance Co. v. Ohler, 119 Neb. 121, 227 N.W. 449.
The Court has further held with respect to the Nebraska Workmen's Compensation Act that the parties are entitled to a final determination of the character of the disability, the full amount to be recovered, and the times when this amount shall be paid, Dymak v. Haskins Brothers, 132 Neb. 308,271 N.W. 860 (1937), and that in determining the effect of substantive provisions of the Act, it shall be construed as it was at the time of the injury. Solomon v. A.W. Forney, Inc., 136 Neb. 338, 286 N.W. 254 (1939).
We find no Nebraska cases with the same factual basis. While the Delaware case of Price v. All American Engineering Co., 320 A.2d 336 (Del.Supr. 1974) approved retroactive cost of living adjustments for prior awards, we do not find such approval in other states. Price found no constitutional problems reasoning that the relationship between the parties was statutory and not contractual.
Other states have specifically rejected Price, including Maryland in Cooper v. Wicomico County, 398 A.2d 1237
(Md. 1979). The Maryland Court found that an increase in the amount payable to a worker under a prior disability award unconstitutionally disturbed contractual and other vested rights of the worker's employer and the employer's insurer. Similarly, in State ex rel. Briggs Stratton v. Noll, 100 Wis.2d 650, 302 N.W.2d 489 (1981), the court held that retroactive increases in workmen's compensation benefits unconstitutionally affected obligations and vested rights of employers set by prior law.
We believe the general rule is that such retroactive increases are unconstitutional under the usual impairment of contract provisions and that the Nebraska Supreme Court would probably follow that rule. Having determined that the proposal would probably be held unconstitutional with respect to Article I, Section 16, of the Nebraska Constitution, it is unnecessary to reach the due process question.
Very truly yours,
ROBERT M. SPIRE Attorney General
John R. Thompson